# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3387

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Rodney Phillip Hill, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 11, 2004
Filed: June 8, 2005

_____

Before WOLLMAN, HANSEN, and BYE, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Rodney Phillip Hill was indicted on one count of conspiracy to manufacture and distribute methamphetamine and marijuana in violation of 21 U.S.C. § 846. After a trial at which nearly 20 non-law enforcement witnesses testified about their drug-related interactions with, and observations of, Hill, he was convicted and sentenced to life in prison. On appeal, Hill argues (1) that the district court[1] erred in admitting testimony that Hill tried to have a number of people, including two grand jury witnesses, murdered; (2) that the evidence was insufficient to support the jury's

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

conclusion that there was a single, large drug conspiracy; and (3) that the sentencing enhancements found by the district court were unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). We affirm.

## I.

Hill first argues that the district court erred in denying his in limine motion to exclude co-conspirator Greg Gilley's testimony that on three occasions Hill provided Gilley with a firearm and asked that he use the firearm to kill or maim an individual. Hill argues that Gilley's testimony constituted "other crimes, wrongs, or acts" evidence, the admission of which is governed by Fed. R. Evid. 404(b). The government contends that Rule 404(b) is inapplicable because evidence of violent acts committed in furtherance of a drug conspiracy is admissible as substantive evidence of the existence of the alleged conspiracy. We agree with the government's position and conclude that Gilley's testimony was properly admitted by the district court.

Gilley testified about actions that were clearly intended to further the drug conspiracy. Two of the intended victims were slated to testify before a grand jury. Another intended victim had stolen drugs and other property from the conspiracy. The final intended victim had created problems for the conspiracy by drawing police attention to a location where members of the conspiracy manufactured methamphetamine. Because Gilley testified that Hill ordered him to commit these shootings in furtherance of the conspiracy, the testimony was admissible as substantive evidence of the existence of the conspiracy and was probative of the charged crime. United States v. Maynie, 257 F.3d 908, 915-16 (8th Cir. 2001). Accordingly, Rule 404(b) is inapplicable. Id. The district court did not abuse its discretion in concluding that Gilley's testimony was not unfairly prejudicial, because the details of his interactions with Hill tended to illustrate the nature of Hill's involvement in the conspiracy and the lengths to which he would go to further it. Id.

Even if Gilley's testimony constituted "other crimes, wrongs, or acts" evidence it would still be admissible. Rule 404(b) is a rule of inclusion, meaning that we presume that other crimes evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, unless the party seeking its exclusion can demonstrate that it serves only to prove the defendant's "criminal disposition." United States v. Campa-Fabela, 210 F.3d 837, 840 (8th Cir. 2000). Other crimes evidence is admissible if it is relevant to a material issue, the other crimes are similar and reasonably close in time to the charged crime, the evidence is sufficient to support a jury's finding that the defendant committed the other crimes, and the probative value of the evidence is not substantially outweighed by unfair prejudice. United States v. Carroll, 207 F.3d 465, 469 n. 2 (8th Cir. 2000).

Here, Gilley's testimony was clearly probative of the existence, extent, and duration of the alleged drug conspiracy as well as Hill's involvement in the conspiracy and was thus relevant to a material issue. Additionally, the acts Gilley testified about were closely related in time to the charged crime because they occurred in the midst of the conspiracy and were intended to extract retribution for drugs stolen from the conspiracy or to ensure the security of the enterprise. It was for the jury to judge Gilley's credibility based on all available evidence, including the fact that Gilley testified pursuant to a limited immunity agreement. Finally, although the testimony was prejudicial to Hill (as is all evidence tending to prove a defendant's guilt), it was not unfairly so because the evidence was closely related to the charged crime and the detail given was necessary to show that relation. United States v. Shoffner, 71 F.3d 1429, 1433 (8th Cir. 1995).

## II.

Hill next argues that the evidence adduced at trial was insufficient as a matter of law to support the jury's conclusion that he was a member of a single drug conspiracy. We review *de novo* the sufficiency of the evidence, viewing the evidence in the light most favorable to the verdict and upholding it if, based on all the evidence

and all reasonable inferences in favor of the verdict, any reasonable juror could find the defendant guilty beyond a reasonable doubt. United States v. Martin, 369 F.3d 1046, 1059 (8th Cir. 2004); United States v. Hamilton, 332 F.3d 1144, 1148-49 (8th Cir. 2003). To establish the existence of a conspiracy, the government must prove that an agreement was made to do something illegal—in this case, that Hill and others agreed to manufacture and distribute drugs. United States v. Hester, 140 F.3d 753, 760 (8th Cir. 1998). A person must intentionally enter into the conspiracy and must know its ultimate goal. Id. However, it is not necessary that the participants or activities remain static throughout the duration of the conspiracy. United States v. Pullman, 187 F.3d 816, 821 (8th Cir. 1999). Indeed, participants may be uninvolved in, or even unaware of, all acts committed in furtherance of the conspiracy. The jury must simply be able to find that there was an overall agreement to pursue a common, unlawful end. Id.

Based on the totality of the circumstances, id., we conclude that the evidence in this case was sufficient to sustain the jury's finding that Hill was a member of a single, massive conspiracy. The record reveals the existence of a large, but typical, "hub and spokes" conspiracy, with Hill as a hub: he purchased drugs and drug precursors from a variety of individuals; he manufactured or processed the purchased drugs and drug precursors; and he packaged and distributed the drugs to consumers and lower-level dealers. This evidence is consistent with the finding of a single conspiracy. United States v. Slaughter, 128 F.3d 623, 630 (8th Cir. 1997).

Hill also briefly argues that the district court erroneously failed to give a multiple conspiracy instruction and failed to find a variance between the indictment and the proof at trial. Because Hill did not raise these issues before the district court, we review them for plain error. Id. Because the evidence adduced at trial was consistent with the jury's finding that there was a single drug conspiracy, the district court did not err in not giving a multiple conspiracy instruction. Id. Similarly,

because the evidence was consistent with the allegations made in the indictment, there was no variance. United States v. Novak, 217 F.3d 566, 576 (8th Cir. 2000).

### III.

We granted Hill's post-oral-argument motion for supplemental briefing in light of the Supreme Court's decision in Blakely, 124 S. Ct. 2531. Hill argues that his Fifth and Sixth Amendment rights were violated when the district court enhanced his sentence under the United States Sentencing Guidelines Manual (U.S.S.G.) based on facts not admitted by him or found by a jury.[2] The Supreme Court has since decided United States v. Booker, 125 S. Ct. 738 (2005), in which it concluded that a sentence imposed under a mandatory guidelines scheme based on judicially found facts constitutes a violation of the Sixth Amendment. Id. at 756. The Booker Court remedied the constitutional error in the sentencing scheme by excising the provisions of the Sentencing Reform Act of 1984 that made the guidelines mandatory and rendering advisory the guidelines scheme. Id. at 764.

Hill failed to preserve this issue before the district court, and we accordingly review for plain error. See United States v. Pirani, No. 03-2871, slip op. at 6 (8th Cir. Apr. 29, 2005) (en banc). In order for Blakely/Booker error to be preserved, a defendant must have "argued Apprendi or Blakely error or that the Guidelines were unconstitutional." Id. (quoting United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005)). The only objections that Hill made at sentencing were in relation to the adequacy and reliability of the evidence relied upon by the district court in making the factual findings that resulted in the enhancements—challenges he has not raised on appeal. Hill thus failed to preserve Booker error because he did not challenge the constitutionality of the guidelines or their application below.

---

[2]We grant Hill's motion to amend his supplemental brief and conclude that the additional argument he raises regarding the appropriate base offense level has no effect on our reasoning or the result we reach.

The district court set Hill's base offense level at 36 because it found that Hill's offense involved at least 500 grams but less than 1.5 kilograms of actual methamphetamine. U.S.S.G. § 2D1.1. The district court also imposed a two-level increase for possession of a firearm in connection with the offense, U.S.S.G. § 2D1.1(b)(1), a three-level increase for the creation of a substantial risk of harm to the lives of others through the manufacture of methamphetamine, U.S.S.G. § 2D1.1(b)(5)(B), a four-level increase for being a leader or organizer of a group with five or more participants, U.S.S.G. § 3B1.1(a), and a two-level increase for obstruction of justice, U.S.S.G. § 3C1.1. These enhancements resulted in an offense level of 47. The district court sentenced Hill to a life term of imprisonment, which is the only sentence available at level 43, the highest offense level in the guidelines' sentencing table.

In conducting plain error review, we consider the four-part test of <u>United States v. Olano</u>, 507 U.S. 725, 732(1993), as applied in <u>Pirani</u>. We ask whether there is (1) error (2) that is plain and (3) that affects substantial rights, but we may remedy the error only (4) if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Olano</u>, 507 U.S. at 732 (quotation omitted). Hill has the burden of demonstrating prejudicial plain error. <u>See Pirani</u>, slip op. at 11. The district court committed constitutional error in this case due to the combination of the enhancements and the fact that they were imposed under a mandatory regime. <u>See id.</u> at 9. In other words, the resulting sentence itself would not be illegal under an advisory scheme so long as the guidelines were properly applied, but was illegal in this case because it was computed under a mandatory process. <u>Id.</u> at 13. This error is plain under <u>Booker</u>. Our analysis therefore turns on the application of the third <u>Olano</u> factor: whether the error affected Hill's substantial rights. That factor is established only if Hill can show that there is "a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence," <u>Pirani</u>, slip op. at 11, a fact-specific inquiry.

No statement by the district court indicates that it would likely have issued a different sentence had the guidelines been advisory at the time of sentencing. The district court rejected the total offense level of 52 recommended in the presentence investigation report, finding a lesser quantity of drugs and declining to apply one of the recommended enhancements. In doing so, it stated that it was giving Hill the benefit of the doubt. The guidelines, however, mandated a life sentence for any offense level at or above 43. The district court noted as a general matter that it did not take any pleasure in giving a life sentence, Sentencing Tr. at 44, but gave no indication that it believed the sentence was unwarranted or unfair under the circumstances or that it would have imposed a lesser sentence had it been free to do so. We therefore conclude that Hill has failed to meet his burden of demonstrating plain error.

The conviction and sentence are affirmed.

_____