# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

04-3350

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Nebraska. |
| Joab J. Garcia, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 16, 2005
Filed: August 2, 2005

_____

Before **BYE, HEANEY, and MELLOY, Circuit Judges.**

_____

MELLOY, Circuit Judge.

Joab J. Garcia pled guilty to a charge of possession with intent to distribute over fifty grams of methamphetamine. At sentencing, the district court found a base offense level of twenty-six, adjusted downward two levels for safety-valve relief, and adjusted downward three more levels for acceptance of responsibility, resulting in a total offense level of twenty-one. Mr. Garcia's criminal history was category one resulting in a Guidelines range of thirty-seven to forty-six months. The district court imposed a thirty-seven month, bottom-of-the-range sentence. Because Mr. Garcia

was eligible for safety-valve relief, the mandatory sixty-month statutory minimum did not apply.

Sentencing took place after the Supreme Court decided Blakely v. Washington, 124 S.Ct. 2531 (2004), but before it decided United States v. Booker, 125 S.Ct. 738 (2005). Mr. Garcia did not raise any Blakely-related challenges at sentencing. Because he raises the Blakely/Booker issue for the first time on appeal, we review only for plain error. United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005).

Before we may exercise our discretion to grant relief under Fed. R. Crim. Pro. 52(b), we must find (1) error that is (2) plain and that is (3) prejudicial, i.e., that substantially affects the defendant's rights. Pirani, 406 F.3d at 550. Even if a defendant makes this showing, we may only grant relief if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted). Here the district court applied the Guidelines as mandatory and therefore, understandably, committed error. We have already held that such an error is plain. United States v. Hill, 410 F.3d 468, 473 (2005). We can only find that it affects the defendant's substantial rights, however, if the defendant shows a reasonable probability that the sentencing court would have applied a lesser sentence had it not treated the Guidelines as mandatory.

We have held that a sentence at the bottom of the Guidelines range, standing alone, is insufficient to show prejudice. Pirani, 406 F.3d 553. Here, the defendant suggests that the record contains additional indicia of the district court's desire to grant a lesser sentence. In particular, he points to the fact that the district court expressly recommended that he appeal. He argues that this "can only be taken as an indication that the sentence might be different but for the guidelines." We disagree. The district court actually stated, "In light of the Supreme Court's decision upcoming I suspect it would be a good idea to appeal this case." At a minimum, this statement shows that the district court noted for the defendant's benefit that an upcoming

Supreme Court opinion was relevant to his appeal. At most, it shows that the district court recognized uncertainty in the state of the law and anticipated that the sentencing might involve error. This statement does not suggest the district court would have granted a more favorable sentence under an advisory regime.

We also note that other comments by the judge in this case are routine statements made by most courts at sentencing hearings to ensure that all issues are addressed and that defendants know their rights. For example, the court inquired as to the status of any substantial assistance from the defendant and a possible Rule 35 motion for relief by the government. The court also advised the defendant of the one-year deadline on the filing of a Rule 35 motion and advised the defendant to remain in contact with his attorney. We view these statements as prudent recommendations and inquiries that many courts make at sentencing. Because we find that the court's statements do not support a finding of prejudice, and because the record contains nothing beyond a bottom-of-the-range sentence to suggest prejudice, Pirani forecloses any grant of relief.

The judgment of the district court is affirmed.

HEANEY, Circuit Judge, with whom BYE, Circuit Judge, joins, concurring.

I adhere to the view stated by Judge Bye in Pirani, that defendants who did not properly preserve their Booker claims in the district court are nonetheless generally entitled to resentencing under a constitutional regime. See United States v. Pirani, 406 F.3d 543, 562-67 (8th Cir. 2005) (en banc) (Bye, J., dissenting). Because a majority of our court has held to the contrary, however, I concur.

_____