# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3886

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Youseph J.A. Idriss, | * |
| | * |
| Appellant. | * |

_____

No. 04-3887

_____

Appeals from the United States
District Court for the
District of Minnesota.

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Trokom Harris Moore, | * |
| | * |
| Appellant. | * |

_____

No. 04-3888

_____

| | |
|---|---|
| United States of America, | * |
| | * |

                    Appellant,              *
                                            *
          v.                                *
                                            *
Youseph J.A. Idriss,                        *
                                            *
                    Appellee.               *


                    _____

                    No. 04-3889
                    _____

United States of America,                   *
                                            *
                    Appellant,              *
                                            *
          v.                                *
                                            *
Trokom Harris Moore,                        *
                                            *
                    Appellee.               *
                                            _____

                    Submitted: September 13, 2005
                        Filed:  February 8, 2006
                                _____

Before LOKEN, Chief Judge, WOLLMAN, and BYE, Circuit Judges.
                                _____

WOLLMAN, Circuit Judge.

       Youseph Idriss and Trokom Moore were convicted of possessing and aiding
and abetting each other in possessing altered U.S. currency with intent to defraud, in
violation of 18 U.S.C. §§ 472 and 2.  Moore appeals his conviction on the ground that
there was insufficient evidence to convict him of possessing "altered" currency.

                                    -2-

Idriss appeals his conviction on the grounds that there was insufficient evidence to convict him and that the district court's imposition of a restitution order based on facts not proven to the jury violated his Fifth and Sixth Amendment rights. The government cross-appeals on the ground that the district court erred in relying on Blakely v. Washington, 542 U.S. 296 (2004), in declining to enhance the base offense level on facts not admitted by the defendants nor proven to a jury. We affirm Idriss's and Moore's convictions and remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).

## I.

In 2003, Idriss and Moore participated in "black money" schemes to defraud recent U.S. immigrants Fawaz Hamed, Won Kim, and Steve Rhee of thousands of dollars. Idriss and Moore posed as refugees from war-torn Liberia and convinced their victims that they possessed millions of dollars in U.S. currency that had been blackened to remove it from Liberia. Idriss and Moore convinced their victims that they were interested in purchasing the victims' businesses, but that their only capital was the blackened currency. They claimed the blackened currency could be restored to its original condition only by using an expensive chemical to "clean" the bills. Idriss and Moore proposed that if the victims would lend them money to purchase the chemical, they would use the cleaned currency to purchase the victims' businesses and give them a one hundred percent return on their investment. Idriss and Moore gained their victims' trust by demonstrating the cleaning process on genuine U.S. currency that they removed from safes that also contained worthless pieces of black paper and by encouraging their victims to keep the genuine U.S. currency to verify its authenticity. Idriss's and Moore's victims agreed to advance money for the chemical in exchange for a portion of the cleaned U.S. currency. The victims never recovered their initial investments, nor did they receive the promised returns.

In total, Moore defrauded Hamed of $30,000 using the blackened money scheme, and colluded with Idriss to defraud Kim and Rhee each of $15,000 using the scheme. Finally, Idriss attempted to defraud Special Agent Samec, an undercover agent, of $22,000 using the same scheme. Idriss and Moore were arrested. Moore failed to appear for trial and a warrant was issued for his arrest. Moore surrendered to the authorities nearly three months later. Idriss and Moore were convicted of three counts each of possessing and aiding and abetting each other in possessing altered U.S. currency with intent to defraud.

The district court sentenced Idriss to five years of probation and Moore to six months of imprisonment. The district court declined to enhance these sentences from the base offense level of six based on the amount of loss to the victims and the obstruction of justice by Moore because these facts were neither found by the jury nor admitted to by the defendants. In addition to the probation and imprisonment orders, the district court ordered Idriss and Moore to pay, jointly and severally, restitution of $30,000—the amount of loss to Kim and Rhee—and ordered Moore to pay an additional $30,000 for the loss to Hamed.

## II.

Moore argues that the evidence presented to the jury did not establish the existence of "altered" U.S. currency. He asserts that the term "alter" means that some change occurs in the object while the object retains its essential character and that this is not the case here. Instead, Moore maintains that the black substance "obscured" the currency so that it looked like worthless black paper, thus losing its essential character.

We review *de novo* the sufficiency of the evidence to sustain a conviction. United States v. Hill, 410 F.3d 468, 471 (8th Cir. 2005). We must uphold the jury's verdict if, "based on all the evidence and all reasonable inferences in favor of the

verdict, any reasonable juror could find the defendant guilty beyond a reasonable doubt." Id. "We will reverse only if the jury must have had a reasonable doubt concerning one of the essential elements of the crime." United States v. Patten, 397 F.3d 1100, 1102 (8th Cir. 2005) (internal quotations omitted).

A reasonable juror could have found Moore guilty beyond a reasonable doubt of possessing altered U.S. currency. The plain meaning of the term "alter" is "to cause to become different in some particular characteristic (as measure, dimension, course, arrangement, or inclination) without changing into something else." Webster's Third New International Dictionary 63 (1981); see also United States v. Hamilton, 332 F.3d 1144, 1149–50 (8th Cir. 2003) (applying a term's plain meaning when a statutory interpretation question was raised in the context of a sufficiency of the evidence claim); United States v. Hall, 801 F.2d 356, 359 (8th Cir. 1986) (quoting a dictionary definition of the term "alter"). Moore's argument that this does not include blackened currency is unpersuasive.[1] Blackening currency makes the currency different, yet it does not change the currency into something else. The government presented testimony that Moore possessed blackened currency that was used to defraud Hamed, Kim, and Rhee. See, e.g., Tr. at 109–10, 434 (explaining how Moore possessed blackened U.S. currency and removed the black coating with a special chemical). The jury acted within reason in determining that Moore altered U.S. currency.

---

[1] The district court instructed the jurors that the "alteration of an obligation of the United States with intent to defraud need not be an alteration which destroys or impairs the validity of the obligation." D. Ct. Jury Instruction 23, at 29. Moore has raised no challenge to this instruction.

**III.**

We turn next to Idriss's claim that the government's evidence was insufficient to sustain his conviction. Idriss argues that the evidence presented to the jury did not establish beyond a reasonable doubt that he had the requisite intent to commit the crime of possessing altered U.S. currency with intent to defraud Kim, Rhee, and Samec. He argues that, to prove intent, the government had to prove knowledge that the safes did not contain genuine U.S. currency, and he contends that the government failed to do this.

We conclude that there was sufficient evidence to convict Idriss on all three counts of the indictment. The government need not prove intent directly and can often prove intent by circumstantial evidence. United States v. Londondio, 420 F.3d 777, 786 (8th Cir. 2005); Patten, 397 F.3d at 1102–03; United States v. Flynn, 196 F.3d 927, 929 (8th Cir. 1999). Intent "can be inferred from the facts and circumstances surrounding a defendant's actions." Patten, 397 F.3d at 1102–03; Flynn, 196 F.3d at 929. For instance, a "jury could reasonably infer guilty knowledge and intent to defraud from . . . inconsistent statements" and furtive conduct by the accused. United States v. Berry, 599 F.2d 267, 269 (8th Cir. 1979) (per curiam); United States v. Pitts, 508 F.2d 1237, 1240 (8th Cir. 1974). The government presented ample evidence of Idriss's furtive behavior. Idriss used a false name with his victims. Idriss refused to present identification when Rhee asked him to do so, even though he possessed a valid American driver's license, a social security card, and an INS employment authorization card. Idriss claimed he was a foreign visitor staying in a hotel room with $1.5 million in blackened currency, but the government presented evidence that Idriss had a local address and did not stay in a hotel room during the relevant period. Idriss also claimed that he was flying to Chicago to buy the expensive chemical, but the government presented evidence that Idriss never flew during that time. Finally, Idriss carried the briefcase containing blackened currency and was able to pick out

three bills that were genuine U.S. currency from among the worthless pieces of black paper. From all of this evidence, a jury could reasonably conclude that Idriss had the requisite intent to possess altered U.S. currency with intent to defraud.

**IV.**

Next, we turn to the government's assertion that, based on Booker, the district court erred in finding that the Sixth Amendment precludes enhancing Idriss's and Moore's sentences based upon facts not proven to a jury. The government preserved any Booker error by arguing that Blakely does not apply to the federal sentencing guidelines. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Accordingly, we review *de novo* whether the district court properly applied the guidelines. See United States v. Hadash, 408 F.3d 1080, 1082 (8th Cir. 2005) (stating that the first inquiry under Booker is whether the district court properly applied the guidelines); United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005).

In Blakely, the Supreme Court held that a court cannot enhance a sentence beyond the statutory maximum based on judicial findings that were neither admitted by the defendant nor found by a jury beyond a reasonable doubt. 542 U.S. at 303–04; cf. Apprendi v. New Jersey, 530 U.S. 466 (2000) (holding that any fact that increases a sentence beyond the prescribed statutory maximum must be proven beyond a reasonable doubt to a jury). In Booker, the Supreme Court extended Blakely's holding to the federal guidelines, holding that they run "afoul of the Sixth Amendment insofar as the scheme [is] based on certain facts found by the sentencing judge" and requires the judge "to impose a more severe sentence than could have been imposed based on facts found by the jury or admitted by the defendant." United States v. Marcussen, 403 F.3d 982, 983 (8th Cir. 2005) (citing Booker, 125 S. Ct. at 750). A district court may, however, enhance a defendant's sentence based on its own fact findings so long as the district court recognizes the guidelines scheme to be merely

advisory and does not enhance the sentence beyond the statutory maximum. See Booker, 125 S. Ct. at 756–57, 764–68.

In sentencing Idriss and Moore, the district court stated that, "given the Supreme Court's decision in the case of [Blakely]," it could not increase the base offense level without a jury determination or a defendant's admission. A six-month sentence enhancement for the amount of money defrauded or a two-month enhancement for obstruction of justice, however, would still be within the statutory maximum for the crime. See 18 U.S.C. § 472. Thus, the district court erred in viewing the Sixth Amendment's limitation on the guidelines as excluding all sentence enhancements based upon the district court's own fact finding, even if they are discretionary and within the statutory maximum.

When the guidelines are incorrectly applied, we remand for resentencing unless the error was harmless, such as when the district court would have imposed the same sentence absent the error. Hadash, 408 F.3d at 1082. The burden of proving harmless error falls upon the beneficiary of the error—here, Idriss and Moore. See United States v. Bruce, 413 F.3d 784, 785 (8th Cir. 2005). Given that the error here was not of constitutional magnitude, cf. United States v. Turnbough, 425 F.3d 1112 (8th Cir. 2005), Idriss and Moore must establish harmless error by showing that no "grave doubt" exists as to whether the district court's "error substantially influenced the outcome of the [sentencing] proceedings." United States v. Mendoza-Mesa, 421 F.3d 671, 673 (8th Cir. 2005). Because Idriss and Moore have not met this burden, we remand for resentencing in light of Booker.

Finally, Idriss argues that the district court's imposition of a $30,000 restitution order based on judicially found facts violates his Fifth and Sixth Amendment rights. This claim is without merit. In United States v. Carruth, we held that neither Apprendi nor Blakely prohibits judicial fact finding for restitution orders, and Booker

does not affect restitution orders. 418 F.3d 900, 904 (8th Cir. 2005). The district court's determination of a permissible restitution award is limited only by the scope of the indictment. United States v. Ross, 279 F.3d 600, 609 (8th Cir. 2002) (Ross II); United States v. Ramirez, 196 F.3d 895, 900 (8th Cir. 1999). The scheme to defraud Kim and Rhee of $30,000 falls within the scope of the indictment, and thus the district court did not err in ordering Idriss to pay restitution in this amount.

Idriss's and Moore's convictions are affirmed, but their cases are remanded for resentencing in accordance with the views set forth in this opinion and the holding in Booker.

_____