# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3190

_____

United States of America,                      *

                                      *

        Appellee,                  *

                                        *

    v.                           *

                                        *

Robert Leon Roberson,               *

                                        *

        Appellant.              *

_____

No. 04-3675

_____

Appeals from the United States
District Court for the
District of Minnesota.

United States of America,                      *

                                        *

        Appellee,                  *

                                        *

    v.                           *

                                        *

Donald Leonard Sturgis,            *

                                        *

        Appellant.              *

_____

Submitted: November 14, 2005
Filed: March 10, 2006

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Robert Roberson and Donald Sturgis were convicted of conspiracy to distribute crack cocaine and of aiding and abetting possession, with intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2. On appeal, they challenge the admissibility of evidence, the failure to disclose the identity of a confidential informant, the sufficiency of the evidence, and the sentences imposed.[1] We affirm in part and remand for resentencing.

**I.**

After receiving a tip from a confidential reliable informant that Roberson was dealing narcotics at 1526 Oliver Avenue North (the residence), the Minneapolis Police Department obtained a warrant on October 6, 2003, to search the premises, any occupants within, and any vehicles belonging to the occupants. During surveillance prior to executing the warrant, law enforcement officers observed both Roberson and Sturgis enter and leave the premises on a number of occasions. On October 7, 2003, when police were engaged in pre-execution surveillance, they observed Roberson leave the residence and drive to a nearby grocery store parking lot. Roberson did not enter the store, but rather parked his car next to a Buick in which a female was sitting, exited his car, looked around, and entered the Buick. Police observed Roberson sitting in the Buick for approximately 30 to 60 second before returning to his car. Believing that Roberson had just engaged in a narcotics transaction, officers arrested him as he left the parking lot. They found approximately $1,700 in cash in Roberson's wallet. He was also carrying a cellular phone and three separate sets of keys.

---

[1]Sturgis also filed motions for the return of all property seized and for leave to enter supplemental *pro se* briefing. These motions are denied.

Upon returning to the residence, officers found Sturgis sitting in a nearby vehicle . They arrested him and found approximately $1,000 in cash in his car, as well as a cellular phone. Telephone records revealed several phone calls during the month before the arrests between the telephones seized from Roberson and Sturgis. Sturgis was also carrying a key that opened the door of the residence. Roberson was later determined to have a matching key, although it was never tested on the door.

After detaining Sturgis, the officers executed the warrant. The residence, which was leased to Sturgis, was a small single-floor, two-bedroom house containing no furniture. In the kitchen, officers found three scales and a small amount of cocaine. In the northeast bedroom, officers found mailings with Sturgis's name on them and a tan shirt with the name "Don" on it. This shirt was later identified by Sturgis's boss as Sturgis's work shirt. Hanging next to the shirt was a black leather jacket with a check stub for Sturgis in one pocket. In another pocket, officers found 89.6 grams of crack cocaine. In a closet in the northwest bedroom, officers found a box of photographs of Roberson, together with personal documents belonging to Roberson. Two jackets were hanging in the closet, one of which contained 378 grams of crack cocaine and 7.66 grams of cocaine. The other jacket contained 42 grams of crack cocaine.

On October 21, 2003, a federal grand jury indicted Roberson and Sturgis on the charges described above. In late 2003, the district court ruled on a series of pre-trial motions, refusing to suppress the evidence found in the search of the residence or in the arrests of Roberson and Sturgis. On January 30, 2004, Roberson moved to substitute counsel. The magistrate judge granted this motion and scheduled a second evidentiary hearing for February 23, 2004. On February 13, Roberson filed additional motions. On February 23, after reviewing the additional motions and the government's responsive papers, the magistrate judge determined that hearings were unnecessary and recommended that the additional motions be denied. The district court adopted this recommendation.

Following a jury trial, both Roberson and Sturgis were found guilty on both counts. They both then filed motions for acquittal and for a new trial, which the district court denied. Roberson was sentenced to 198 months' imprisonment and Sturgis to 360 months' imprisonment.

On appeal, Roberson argues that his initial stop, arrest, and detention were illegal, and that the search warrant was invalid. Sturgis also argues that his arrest and detention were illegal. Both argue that the evidence produced as a result of those searches and seizures should have been excluded at trial. Roberson also argues that his due process rights were violated when the magistrate judge failed to properly reconsider certain motions after Roberson changed defense counsel and that venue was improper. Sturgis argues that his due process rights were compromised by the failure to disclose the identity of the confidential reliable informant. Both argue that the district court erred by admitting evidence of prior bad acts. Finally, both Roberson and Sturgis argue that the evidence was insufficient to convict them and that the sentences imposed were improper in light of United States v. Booker, 543 U.S. 220 (2005).

## II.

We turn first to appellants' search and seizure claims. On appeal from a denial of a motion to suppress, we review for clear error the factual findings of the district court and we review *de novo* the legal determination that the Fourth Amendment was not violated. United States v. Alverez, 235 F.3d 1086, 1088 (8th Cir. 2000). Probable cause existed if there was a fair probability that contraband or evidence of a crime would be found in a particular place. United States v. Rankin, 261 F.3d 735, 738-39 (8th Cir. 2001).

First, Roberson argues that because the affidavit supporting the search warrant contains material misstatements and omissions, the warrant was invalid under Franks

v. Delaware, 438 U.S. 154 (1978). To prevail on his Franks claim, Roberson must show that a false statement was included in the affidavit knowingly and intentionally or with reckless disregard for its truth, and that the affidavit's remaining content is insufficient to establish probable cause. United States v. Reinholz, 245 F.3d 765, 774 (8th Cir. 2001). Roberson asserts that the affidavit falsely indicated that he was a resident of 1526 Oliver Avenue North and the owner of a gray Chevrolet Tahoe. Roberson also asserts that the affidavit, by an omission, falsely implies that he spoke to the informant within 72 hours, and that the affidavit overstates the number of times he was observed at the residence. Even if we assume that all of these statements or omissions are false and either recklessly or intentionally misleading, however, Roberson has failed to show that the truthful, nonmisleading content within the affidavit is insufficient to establish probable cause. The probable cause to issue the warrant was primarily based on the observation of drug trafficking activity both by a confidential reliable informant and by police officers. None of the alleged misstatements or omissions materially affected the probable cause finding, and thus the district court did not err in upholding the warrant.

Roberson next argues that his arrest was illegal and that the evidence seized as a result should have been suppressed. To find probable cause to make a warrantless arrest, the facts and circumstances within the officers' knowledge must be sufficient to justify a reasonably prudent person's belief that the suspect has committed or is committing an offense. United States v. Morgan, 997 F.2d 433, 435 (8th Cir. 1993). In reviewing the law enforcement officers' determination of probable cause, we look at the totality of the circumstances and give due weight to the inferences that can be drawn from the officers' experience. United States v. Wilson, 964 F.2d 807, 809 (8th Cir. 1992). Here, the officers were conducting surveillance, knowing that they had a valid warrant to search this residence based on probable cause that drug trafficking activity was being carried out, when Roberson left the house and drove to a nearby grocery store parking lot, where the officers witnessed him engage in a 30- to 60-second meeting with a woman in another car. That meeting, viewed in the totality of

the circumstances and in light of the officers' experiences, was sufficient to justify a reasonably prudent person's belief that an illegal drug transaction had just occurred. The district court thus properly denied Roberson's motion to suppress the evidence seized as a result of that arrest.

Sturgis too argues that his arrest and the subsequent search of his automobile were illegal and that the evidence obtained as a result should therefore have been suppressed. Officers may lawfully detain the occupant of a house near that house while the premises are being searched pursuant to a valid search warrant. United States v. Hogan, 25 F.3d 690, 693 (8th Cir. 1994). A preliminary search of the car's interior was valid as a search incident to Sturgis's arrest. See Morgan, 997 F.2d at 436. While executing the search warrant, officers found contraband in Sturgis's residence, giving them probable cause to believe that additional evidence would be found in the automobile in which Sturgis had been sitting. This probable cause justified the warrantless search of the automobile under the automobile exception. United States v. Fladten, 230 F.3d 1083, 1085 (8th Cir. 2000). The district court thus did not err in denying Sturgis's motion to suppress.

## III.

We review for abuse of discretion a district court's decisions on whether to hold an evidentiary hearing, whether to disclose the identity of confidential informants, and whether evidence is admissible. See United States v. Claxton, 276 F.3d 420, 422 (8th Cir. 2002) (admissibility of evidence); United States v. Lindsey, 284 F.3d 874, 877 (8th Cir. 2002) (disclosure of informants); United States v. Hall, 171 F.3d 1133, 1142 (8th Cir. 1999) (evidentiary hearings).

Roberson argues that the district court did not adequately consider the motions made by his second attorney when it cancelled an evidentiary hearing and heard those motions in a "cursory session." Roberson, however, had already been given the

opportunity to present these motions, and they had been duly considered and denied. There is no constitutional right to relitigate pretrial matters simply because one has secured new counsel, and the district court's decision to rule on the motions without another evidentiary hearing was within the court's discretion, which we conclude was not abused in this regard.

Sturgis argues that the district court abused its discretion in denying his motion requesting the disclosure of the informant's identity. To obtain disclosure, Sturgis had the burden of showing that disclosure would have been material and helpful to his case. United States v. Sykes, 977 F.2d 1242, 1245-46 (8th Cir. 1992). Generally, if the informant is a "tipster"–merely providing information without witnessing or participating in the drug transaction–disclosure is not material. Id. The district court found that the informant, who claimed to have witnessed Roberson possessing crack cocaine, but did not claim to have witnessed a drug transaction, was a mere tipster and that the disclosure was thus not material to Sturgis's case. Sturgis argues that the informant might have been a helpful witness for him because the informant claimed to have seen only Roberson, not Sturgis, in possession of contraband at Sturgis's residence. Such testimony, however, would have been of only marginal value to Sturgis, and Sturgis's speculation about its value is not enough to show that the district court abused its discretion in withholding that information.

Both Roberson and Sturgis argue that the trial court improperly admitted evidence of prior bad acts. The district court admitted evidence that Roberson had been found with a rock of crack cocaine and more than $850 in cash in his pocket on November 29, 1995, and that Sturgis admitted to possessing crack cocaine on November 30, 1996 with the intent to distribute it. The district court instructed the jury that it was to use this evidence to decide questions of the defendants' intent, knowledge, or absence of mistake or accident, and that it was not to infer that the defendants committed crimes simply because they had committed similar crimes in the past.

Evidence of prior bad acts is admissible for the purpose of proving intent, knowledge, or absence of mistake or accident. Fed. R. Evid. 404(b). Rule 404(b) is a rule of inclusion, so we presume that evidence of other crimes is admissible for one of the listed purposes unless the party seeking to exclude the evidence can show that it serves only to prove the defendant's criminal disposition. United States v. Hill, 410 F.3d 468, 471 (8th Cir. 2005). Evidence of past crimes is admissible if it is relevant to a material issue, the other crimes are similar and reasonably close in time to the charged crime, the evidence is sufficient to support a jury's finding that the defendant committed the other crimes, and the probative value of the evidence was not substantially outweighed by unfair prejudice. Id. When a defendant has placed his state of mind at issue, such as with a mere presence defense, Rule 404(b) evidence is admissible to show knowledge or intent. United States v. Ruiz-Estrada, 312 F.3d 398, 403 (8th Cir. 2002).

Here, the admitted evidence was clearly sufficient to support a finding that the other crimes were committed; the crimes both involved possession of the same controlled substance; and they occurred within eight years of the charged offense. At trial, both Roberson and Sturgis asserted that the mere presence of contraband near their personal belongings in the residence did not prove that they were engaging in drug trafficking, and they continue to present this defense on appeal in challenging the sufficiency of the evidence. By putting their state of mind at issue in this way, Roberson and Sturgis made the evidence of past crimes relevant to a material issue regarding their knowledge and intent. Neither Roberson nor Sturgis has provided any reason why the probative value of this evidence was substantially outweighed by unfair prejudice. Accordingly, the district court did not abuse its discretion in admitting the evidence of prior drug offenses.

Roberson argues that venue was improper because the case was tried in the third division of the District of Minnesota, while the crime occurred in the fourth division. Roberson rests this argument on Rule 18 of the Federal Rules of Criminal

Procedure, which requires that the offense be prosecuted in the district in which it was committed. The offense here was committed in the District of Minnesota, so the prosecution in the third division of the District of Minnesota was proper.

**IV.**

Both Roberson and Sturgis argue that the evidence was legally insufficient to support their convictions. We review *de novo* the sufficiency of the evidence, viewing the evidence in the light most favorable to the verdict and upholding it if, based on the all of the evidence and taking all reasonable inferences in favor of the verdict, any reasonable juror could find the defendant guilty beyond a reasonable doubt. Hill, 410 F.3d at 471. To support a conspiracy conviction, the government must prove beyond a reasonable doubt that an agreement was made to achieve some illegal purpose, the defendant knew of the agreement, and the defendant knowingly participated in the conspiracy. Id. To support a conviction for aiding and abetting, the government must prove beyond a reasonable doubt that each defendant associated himself with the unlawful venture, participated in it as something he wished to bring about, sought by his actions to make it succeed, and shared the criminal intent required of a principal. United States v. Hernandez, 301 F.3d 886, 890 (8th Cir. 2002).

The evidence here is sufficient to allow a reasonable jury to find both Roberson and Sturgis guilty beyond a reasonable doubt of conspiracy to distribute crack cocaine and of aiding and abetting the possession of crack cocaine. While executing the search warrant, the police officers found a house devoid of furniture yet containing three electronic scales in the kitchen. The residence was leased to Sturgis, and there was testimony that Roberson had been seen at the residence. Sturgis had a key to the residence, and Roberson possessed a key that appeared to match Sturgis's key. In separate rooms of the house, officers found crack cocaine in close proximity to items identified as belonging to Roberson and Sturgis. Roberson was also arrested after

-9-

what appeared to be a drug transaction, carrying approximately $1,700 in cash. The jury heard testimony that this encounter was consistent with drug trafficking. Officers also found more than $1,000 in cash in Sturgis's automobile, and cellular phone records indicated Roberson and Sturgis had been in frequent communication with each other.

Taking all of this evidence into account, a reasonable jury could have concluded beyond a reasonable doubt that Roberson and Sturgis had agreed to work together to distribute crack cocaine, that each of them knew of that agreement, and that each of them knowingly participated in the conspiracy. Although there was no direct evidence of an agreement, a conspiracy may be inferred from circumstantial evidence. United States v. Grimaldo, 214 F.3d 967, 975 (8th Cir. 2000). The jury verdicts on the conspiracy counts are thus supported by sufficient evidence. Moreover, a reasonable jury examining this evidence could find beyond a reasonable doubt that both Roberson and Sturgis understood that crack cocaine was being possessed in the house for the purpose of distribution, each voluntarily and intentionally participated in the unlawful venture to possess that crack cocaine, and each sought by his actions to bring about the possession with intent to distribute crack cocaine. Thus, the aiding and abetting convictions are also supported by sufficient evidence.

Appellants' reliance on United States v. Cruz, 285 F.3d 692 (8th Cir. 2002), is misplaced, for far less evidence supported the conspiracy convictions in that case than exists in the present case. In Cruz, there was insufficient evidence of an agreement, largely because of the fact that there was a lack of evidence that the defendants there were actually participating in drug trafficking. The evidence merely showed that the defendants associated with a drug dealer. Id. at 701. Here, however, a reasonable jury evaluating the evidence could find that each of the defendants was an actual participant in a plan of drug distribution. Cruz is also distinguishable on the aiding and abetting counts. In Cruz, the defendants were not charged with aiding and

abetting possession, but rather with the primary violation of possession. We held that there was simply not enough evidence to demonstrate that the defendants had control over the contraband. Id. at 698. Here, Sturgis had control over the house in which the crack cocaine was concealed, giving him constructive possession. Id. at 697. Given the totality of the evidence, it was reasonable for the jury to find that Roberson knew of Sturgis's possession and that he assisted in that possession. Moreover, given the proximity of some of the crack cocaine to Roberson's personal belongings, it was reasonable for the jury to find that Roberson also possessed crack cocaine in the house leased to Sturgis, and that Sturgis aided and abetted that possession.

## V.

The district court considered the guidelines mandatory in imposing sentences on Roberson and Sturgis. Both argue that the sentences were illegal, and the government concedes that the cases should be remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).

The judgments of conviction are affirmed. The sentences are vacated, and the cases are remanded to the district court for resentencing.

_____