# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3779

_____

United States of America,      *
    *
       Plaintiff - Appellee,      *
    *     Appeal from the United States
       v.      *     District Court for the
    *     Southern District of Iowa.
Marc Brandon Johnson, Sr.,      *
    *
       Defendant - Appellant.      *

_____

Submitted: April 15, 2011
Filed: May 25, 2011

_____

Before RILEY, Chief Judge, and BENTON and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Following the district court's[1] denial of his motion to suppress, Marc Brandon Johnson, Sr., conditionally pled guilty to being a felon in possession of a firearm and ammunition. He appeals the suppression issue. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1] The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

# I.

During surveillance, police observed Mr. Johnson at a residence on Pleasant View Drive in Des Moines, Iowa. On December 16, 2009, an Iowa district court issued a warrant to search the Pleasant View residence. The warrant extended to:

> any vehicles parked directly on the property or in the street in front of or nearby or adjacent to the above identified location, provided that said vehicles can be specifically connected to occupants or permanent residents of the location to be searched, prior to searching said vehicle or vehicles.

As Mr. Johnson drove away from the residence in a Ford Expedition, police arrested him, and brought him back to the Pleasant View residence. Mr. Johnson had keys to the residence on his person, though he told officers that it was not his residence.

During the search, Limanda Johnson[2] arrived. She told police that Mr. Johnson was the father of her son, that he stayed at the Pleasant View residence regularly, and that he was typically there when she left for work in the morning, and also there when she returned. However, she said that Mr. Johnson had maintained his own residence on 36th Street in Des Moines for the past three years.

In the driveway of the Pleasant View residence was a green Mercedes. Ms. Johnson told officers it belonged to Mr. Johnson. She directed police to a key, which was inside the residence.

Police retrieved the key and searched the Mercedes. They found a .25 caliber handgun. Officers then obtained a second warrant to search Mr. Johnson's 36th Street residence. That search revealed a bag of .25 caliber ammunition.

---

[2] The record has several spellings of Ms. Johnson's name. This court follows the parties' briefs, and uses "Limanda."

After the denial of his motion to suppress the handgun and ammunition, Mr. Johnson conditionally pled guilty to one count of being a felon in possession of a firearm and ammunition. *See* **18 U.S.C. §§ 922(g)(1), 924(a)(2)**. The district court sentenced him to time served in pretrial custody, plus two years' supervised release and a special assessment. It ordered forfeiture of the firearm and ammunition.

## II.

Mr. Johnson appeals the denial of the motion to suppress, arguing that the search of the Mercedes exceeded the scope of the warrant because he was not an "occupant" or "permanent resident" of the Pleasant View residence. This court looks to the fair meaning of the warrant's terms. *United States v. Peters*, 92 F.3d 768, 769-70 (8th Cir. 1996) (construing Iowa state court warrant). This court "examine[s] the factual findings underlying the district court's denial of the motion to suppress for clear error and review[s] de novo the ultimate question of whether the Fourth Amendment has been violated." *United States v. Goodwin-Bey*, 584 F.3d 1117, 1119 (8th Cir. 2009) (citations and quotation marks omitted).

"'[A] vehicle found on a premises (except, for example, the vehicle of a guest or other caller) is considered to be included within the scope of a warrant authorizing a search of that premises.'" *United States v. Pennington*, 287 F.3d 739, 745 (8th Cir. 2002), *quoting United States v. Reivich*, 793 F.2d 957, 963 (8th Cir. 1986). However, the warrant here contained specific limits on vehicle searches. "The authority to search granted by any warrant is limited to the specific places described in it and does not extend to additional or different places." *Pennington*, 287 F.3d at 744 (citation and quotation marks omitted).

This court need not address whether Mr. Johnson was a "permanent resident." Mr. Johnson was an "occupant,"[3] as he regularly stayed there and his possession of keys and regular presence demonstrate control. *See* **Black's Law Dictionary 1184** (9th ed. 2009) ("occupant": "[o]ne who has possessory rights in, or control over, certain property or premises"). *See also* **Oxford English Dictionary** (3d ed. 2004 & online version 2011), http://www.oed.com/viewdictionaryentry/Entry/130189 ("occupy": "[t]o live in and use (a place) as its tenant or regular inhabitant; to inhabit; to stay or lodge in"). Mr. Johnson repeatedly emphasizes that the residence was "unoccupied" when the search started. This constricted reading describes one type of "occupant" – but not the only type. *See* **Oxford English Dictionary** (3d ed. 2004 & online version 2011), http://www.oed.com/viewdictionaryentry/ Entry/130177 ("occupant": "person who occupies, resides in, or is at the time in a place").

Mr. Johnson also points to the warrant's limitation that "vehicles . . . be specifically connected to occupants or permanent residents . . . prior to searching said vehicle or vehicles." The facts connecting Mr. Johnson to the Pleasant View residence arose before the search of the Mercedes. Police had seen him there, he had keys to the residence on his person, and Ms. Johnson had described the extent of his presence.

Because the search came within the warrant's scope, this court need not address alternative good-faith and inevitable-discovery grounds. The district court properly denied the motion to suppress.

---

[3] The warrant itself does not define this term, nor has the Supreme Court settled on a definition. *Compare, e.g,* **Georgia v. Randolph**, 547 U.S. 103, 109 (2006) (one person may be a "co-occupant" of another "absent" person) *with* **Arizona v. Gant**, ___ U.S. ___, 129 S. Ct. 1710 (2009) (employing two terms: "occupant" and "recent occupant") *and* **Michigan v. Summers**, 452 U.S. 692 (1981) (treating "occupant" as one immediately present).

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____