# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1574

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Donald Leonard Sturgis, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 22, 2011
Filed: August 29, 2011

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In 2004, Donald Leonard Sturgis was convicted of federal crack-cocaine distribution offenses. See United States v. Roberson, 439 F.3d 934, 937-38 (8th Cir. 2006). The government's case against Sturgis included evidence found during two searches of his car, admitted over Sturgis's objection that the searches had violated the Fourth Amendment. We affirmed the conviction, along with the district court's decision not to suppress the evidence found in Sturgis's car, see id., but twice remanded for resentencing in light of intervening Supreme Court decisions. See id. (remanding in light of United States v. Booker, 543 U.S. 220 (2005)); United States v. Roberson, 517 F.3d 990 (8th Cir. 2008) (remanding in light of Kimbrough v.

United States, 552 U.S. 85 (2007)).  Finally, in February 2010, we affirmed Sturgis's sentence.  See United States v. Sturgis, 366 F. App'x 713 (8th Cir. 2010).

The Supreme Court granted Sturgis's petition for writ of certiorari, vacated our judgment, and remanded for reconsideration of the legality of the search of the car in light of yet another intervening Supreme Court decision—Arizona v. Gant, 129 S. Ct. 1710 (2009).  See Sturgis v. United States, 131 S. Ct. 1468 (2011) (mem.).  We affirm, although on grounds different from those on which we initially relied.

I.

By now the parties are well-acquainted with the facts, and we will recite only briefly those necessary to our disposition.  In late 2003, Minneapolis police received a tip that Robert Roberson was dealing narcotics out of the residence at 1526 Oliver Avenue North.  After surveillance of the address revealed activity consistent with narcotics sales, police applied for and obtained a search warrant.  The application for that warrant noted that both "Robert Roberson and another tenant Don Strugis live[d] at this address."

When police arrived at 1526 Oliver Avenue North to execute the warrant they found Sturgis sitting in his car, which was parked in the street in front of the house. Officers pulled Sturgis from the car, handcuffed him, and searched the car's center console.  In it they found "approximately $1,000 in cash."  Roberson, 439 F.3d at 938. Officers then entered the residence, where they found crack cocaine among Sturgis's personal items.  A second search of Sturgis's car turned up a scale laced with cocaine residue.

Sturgis moved to suppress the evidence found in his car, arguing that the searches violated the Fourth Amendment.  The district court denied his motion, and we affirmed.  We wrote:

Officers may lawfully detain the occupant of a house near that house while the premises are being searched pursuant to a valid search warrant. A preliminary search of the car's interior was valid as a search incident to Sturgis's arrest. While executing the search warrant, officers found contraband in Sturgis's residence, giving them probable cause to believe that additional evidence would be found in the automobile in which Sturgis had been sitting. This probable cause justified the warrantless search of the automobile under the automobile exception. The district court thus did not err in denying Sturgis's motion to suppress.

Id. at 940 (citations omitted).

Gant calls into question our holding that the preliminary search of Sturgis's vehicle was valid as a search incident to arrest. See Gant, 129 S. Ct. at 1719. Because the terms of the search warrant permitted the two searches of Sturgis's car, however, we again affirm the district court's denial of Sturgis's motion to suppress.

## II.

The search warrant covered: "1526 Oliver Ave No., and Vehicle (MN JA5631), any occupants within, any vehicles belonging to the occupants, and any unattached garages and/or storage sheds . . . ."[1] When considering whether a search "exceeded the scope of [a] warrant," we "look[] to the fair meaning of the warrant's terms." United States v. Johnson, 640 F.3d 843, 845 (8th Cir. 2011). In Johnson, we read the term "occupant" to include a person who "regularly stayed [at the place to be searched]," had "possession of keys," and "demonstrate[d] control" by his regular presence. Id. at 845. We rejected a "constricted reading" of that term—one that would have applied only to individuals who were inside the residence "when the search started." Id.

---

[1]Sturgis's car was not "Vehicle (MN JA5631)."

Sturgis acknowledges that the police "considered [Sturgis] a resident of 1526 Oliver Avenue North," and that Sturgis "was acting consistently with someone who lived at the house." Appellant's Br. at 6. Accordingly, he was an "occupant," even though he was not within the house "when the search started." Johnson, 640 F.3d at 845. The warrant therefore authorized the search of his vehicle.

Sturgis resists this conclusion, pointing out that the warrant extended only to "occupants *within*," (emphasis added), and "any vehicles belonging to the occupants." Therefore, Sturgis says, "the warrant's reference to 'occupants' did not mean residents or tenants," but instead meant "people *within* the house at the time of the search." Appellant's Br. at 19-20. And because Sturgis was not within the house when the search started, the argument goes, the warrant did not authorize a search of his vehicle. We disagree.

The warrant's qualification of the word "occupants" with the word "within" suggests that "occupants," by itself, extends beyond "people *within* the house at the time of the search," Appellant's Br. at 20. Sturgis's narrow reading of the word "occupants" to include only those within the residence renders nugatory the word "within" in the phrase "occupants within." The better definition of the term "occupants" is the one we adopted in Johnson—a definition that includes Sturgis. Because the warrant authorized the search of "any vehicles belonging to the occupants," whether or not those occupants were within the residence at the time of the search, the search of Sturgis's vehicle was authorized.

### III.

The order denying Sturgis's motion to suppress is affirmed.

_____