# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1531

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Reynaldo F. Alverez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 19, 2000

Filed: December 26, 2000

_____

Before WOLLMAN, Chief Judge, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Reynaldo Alverez appeals from the district court's[1] final judgment sentencing him to 188 months of imprisonment and five years of supervised release for his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). We affirm.

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

# I.

On February 22, 1999, Nebraska State Trooper Michael Korte observed a 1994 Honda Del Sol with expired California license plates parked for several hours at a rest area adjacent to Interstate 80 near Grand Island, Nebraska. The trooper investigated and conversed with Alverez, who was walking toward the car. Alverez stated that he was the car's owner and was waiting for his cousin, the other occupant of the vehicle, to return with sealant to fix the car's flat front tire. According to Alverez, the tire had been damaged the previous evening and both men had remained in the car overnight. Trooper Korte noted that an ice storm had passed through the area the previous night. Alverez replied that he had occasionally started the car's engine to heat the vehicle.

Further conversation elicited that Alverez had begun the trip in California and was traveling to Chicago to visit his father. Alverez first stated that he would be staying only a few days, but amended his statement to "probably a week" after Trooper Korte expressed surprise that Alverez would drive so far for such a short stay. During this conversation, the passenger returned with tire sealant, and Alverez began to fix the tire. Trooper Korte inquired whether there were any narcotics or illegal firearms in the vehicle, which Alverez denied. The trooper then requested permission to search the car, which Alverez granted.

Another trooper joined Trooper Korte, whereupon the officers searched the vehicle. In the trunk of the car, the troopers observed a crate containing bottles of juice and a small duffel bag containing clothes. After removing these items and some cardboard flooring, the troopers noticed a fully inflated spare tire that appeared to match those on the car. The officers unbolted the tire and shook it. Hearing several thudding noises, they unsuccessfully attempted to break the tire loose from the rim. Trooper Korte then cut through the tire's sidewall, an action that exposed approximately seven pounds of methamphetamine.

Based on the report and recommendation of a magistrate judge,[2] the district court denied Alverez's motion to suppress the methamphetamine evidence. Alverez was convicted of the narcotics possession crime after a bench trial.

## II.

### A.

Alverez first argues that his motion to suppress should have been granted because the troopers exceeded the scope of his consent to search by removing and then cutting the tire. Alverez does not dispute that he gave consent to search his vehicle, including the trunk, for drugs or firearms.

We review for clear error the district court's findings of fact and de novo its determination that the Fourth Amendment was not violated. United States v. Hogan, 25 F.3d 690, 692 (8th Cir. 1994). A search resulting from an individual's general statement of consent is limited by boundaries of reasonableness. United States v. Martel-Martines, 988 F.2d 855, 858 (8th Cir. 1993). "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness--what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Florida v. Jimeno, 500 U.S. 248, 251 (1991). "Although an individual consenting to a vehicle search should expect that search to be thorough, he need not anticipate that the search will involve the destruction of his vehicle, its parts or contents." United States v. Strickland, 902 F.2d 937, 942 (11th Cir. 1990); see also Arizona v. Hicks, 480 U.S. 321, 324 (1987) (seizure of property occurs when governmental intrusion "meaningfully interferes" with individual's possessory interest). Accordingly, the cutting of the spare tire likely

---

[2]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

exceeded the scope of the consensual search and may well have required suppression of the evidence had the officers not had probable cause to expand the search.

We need not speculate on what the outcome would have been had the troopers relied solely upon the consent given by Alvarez, however, because observations made during the consensual search gave the officers probable cause to believe that there was contraband in the vehicle, thus lawfully expanding the scope of search under the automobile exception to the warrant requirement. United States v. Ross, 456 U.S. 798, 823 (1982). The "warrantless search of an automobile, predicated on consent, may be expanded beyond the scope of the consent when it yields a basis for a reasonable articulable suspicion that additional contraband may be found in parts of the car not included in the consent." United States v. Casares-Cardenas, 14 F.3d 1283, 1286 (8th Cir. 1994).

The troopers' action in moving the items and the cardboard covering in order to view smaller areas in the trunk that could easily contain drugs or weapons was objectively reasonable in light of Alverez's consent; indeed, Alverez did not object to such action. See United States v. Hammons, 152 F.3d 1025, 1027 (8th Cir. 1998) (objectively reasonable pursuant to valid consensual search of automobile to search bags in trunk that could contain object of search); Martel-Martines, 988 F.2d at 858 (silence gave rise to reasonable belief that defendant consented to minimally intrusive puncture of truck bed). Removing the cardboard exposed what appeared to be a usable spare tire that matched the other tires on the car but which did not appear to have been moved from its location, despite the damaged front tire. The fact that Alverez and his passenger had remained in the small vehicle during the overnight ice storm and had purchased tire sealant rather than attempting to use the apparently usable spare tire gave the officers a reasonable suspicion that the tire or the area around it contained contraband and thus probable cause to remove the tire and examine it more closely.

The thudding sound produced by the tire as it was being inspected indicated that it was being used as a container. Because the troopers had probable cause to believe that contraband was secreted in the vehicle, in particular in the spare tire, they could lawfully complete a full and thorough search of the tire, including dismantling or damaging it. Martel-Martines, 988 F.2d at 858-59 (defendant's evasive and inconsistent responses to routine questions and inaccessible hidden compartment built onto underside of truck aroused suspicion and gave probable cause to puncture hole in truck bed). Accordingly, the court did not err in denying Alverez's motion to suppress.

**B.**

Second, Alverez contends that the indictment against him should have been dismissed as a violation of the Double Jeopardy Clause of the Fifth Amendment because the State of Nebraska had already seized some of his property in connection with the drug possession for which the federal charges were brought. Under the Double Jeopardy Clause, "a defendant is protected from both successive prosecutions and multiple punishments for the same criminal offense." United States v. Bennett, 44 F.3d 1364, 1368 (8th Cir. 1995). To make out a successful claim under the clause, a defendant must show that "the two offenses charged are in law and fact the same offense." Id. The district court's denial of a motion to dismiss an indictment on the grounds of double jeopardy is reviewed de novo. Id.

After Alverez's arrest, Nebraska instituted forfeiture proceedings to seize the $309.00 that Alverez had on his person at the time. Regardless of whether this particular forfeiture amounts to a criminal punishment, it is well established that the Double Jeopardy Clause does not prevent the federal government from prosecuting the defendant for a violation of federal law based on the same acts for which he was subject to proceedings in Nebraska. Abbate v. United States, 359 U.S. 187, 194-96 (1959); United States v. Kummer, 15 F.3d 1455, 1460-61 (8th Cir. 1994). Accordingly, this claim fails.

## C.

Lastly, Alverez argues that the court erred when it declined to grant him, pursuant to sentencing guidelines section 3B1.2, a downward adjustment in offense level for having a minor or minimal role in the offense. See U.S.S.G. § 3B1.2. The burden is on the defendant to demonstrate that he is entitled to the reduction. United States v. Chatman, 119 F.3d 1335, 1341 (8th Cir. 1997). Although he owned and drove the car, Alverez contends that he was unaware that the spare tire, which had been given to him by another individual, contained contraband, and that he thus was merely an unknowing courier entitled to the reduction.

Although we review the district court's interpretation and construction of the sentencing guidelines de novo, United States v. Snoddy, 139 F.3d 1224, 1227 (8th Cir. 1998), "[w]hether a defendant qualifies for a minor participant reduction is a question of fact, the determination of which we review for clear error." United States v. Hale, 1 F.3d 691, 694 (8th Cir. 1993). Under section 3B1.2, a defendant may receive a reduction in his offense level if his role is "minimal" or "minor," as determined by "comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, [and] also by measuring each participant's individual acts and relative culpability against the elements of the offense." Snoddy, 139 F.3d at 1228 (quoting United States v. Padilla-Pena, 129 F.3d 457, 471 (8th Cir. 1997)). Even a defendant who is decidedly less culpable than his co-defendants is not entitled to the minor participant reduction if he is "deeply involved" in the criminal acts. United States v. Thompson, 60 F.3d 514, 518 (8th Cir. 1995) (citation omitted). A role as a courier does not automatically entitle the defendant to a downward adjustment. "Transportation is a necessary part of illegal drug distribution, and the facts of the case are critical in considering a reduction for minor role." United States v. Martinez, 168 F.3d 1043, 1048 (8th Cir. 1999).

The district court declined to reduce Alverez's offense level because it concluded that Alverez was not less culpable than other participants involved in the possession crime. The court noted that there was ample evidence that Alverez was aware of the substantial quantity of narcotics in the tire, the amount for which Alverez was held accountable. Alverez may have been only a courier for a larger distribution operation, but his sentence was based solely on the quantity of drugs in his vehicle. See Hale, 1 F.3d at 695 (no clear error in denial of minor participant status when defendant responsible only for transaction he facilitated). The amount of narcotics in Alverez's car was substantial and was consistent with a finding of possession with intent to distribute. On these facts, we discern no clear error in the district court's ruling. See Chatman, 119 F.3d at 1341 (no clear error in denying minor participant status when defendant drove own vehicle, amount of drugs suggested distribution, and defendant lacked clothing or luggage for the trip); Martinez, 168 F.3d at 1048 (no clear error in denial based on defendant's demeanor and statements, appearance of trunk interior, manner in which drugs were hidden, and substantial quantity of drugs).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-