# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1348

_____

United States of America,    *
                             *
        Appellee,            *
                             *    Appeal From the United States
    v.                       *    District Court for the
                             *    District of Nebraska.
Luis Zuleta,                 *
                             *    [PUBLISHED]
        Appellant.           *


_____

Submitted: September 21, 2005
    Filed: November 2, 2005

_____

Before MURPHY, HEANEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Luis Zuleta was found guilty of possession with intent to distribute 500 grams or more of methamphetamine. He was sentenced by the district court[1] to 110 months of imprisonment. On appeal, Zuleta contends there was insufficient evidence to support his conviction and his sentence is unreasonable. We affirm.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

## Background

Zuleta was driving his tractor/trailer unit on Interstate 80 in Nebraska on September 25, 2003. As directed by a highway sign, he pulled his truck into a weigh station. The state patrol officers on duty initially conducted a level 3 inspection, which involved a review of the records that a driver is expected to keep. Thereafter and with Zuleta's consent, the officers entered the trailer and the truck cab and inspected both. In one of the storage compartments under the lower bunk of the sleeper compartment, officers found a suitcase containing a pair of pants, a shirt, and several packages of methamphetamine.

Zuleta was arrested and charged in federal court with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The case went to trial after Zuleta's unsuccessful motion to suppress. Zuleta called no witnesses during trial and did not take the stand on his own behalf. The jury found Zuleta guilty of possession with intent to distribute 500 or more grams of methamphetamine.[2]

Shortly before sentencing, Zuleta admitted to his illegal conduct and met with the prosecutors to provide information that would allow him to qualify for a safety valve reduction. He stated that he had agreed to take a package from California to Des Moines, Iowa for $2,000. He had accepted the package and permitted a third party, Paisano, to place the package in the sleeping compartment of the truck, which he was driving for a third party. Zuleta delivered the package to Des Moines, Iowa, and was only paid $1,000. Zuleta returned to California and purchased his own truck. He was then contacted again, and asked to make a second delivery. Again, Paisano

---

[2]While evidence at trial showed that over nine kilograms of methamphetamine was found in Zuleta's truck cab, the district court held that Zuleta's conviction and sentence would be limited to the quantity alleged by the government in its first indictment, which was 500 grams or more.

placed a suitcase inside of Zuleta's truck and promised Zuleta that he would pay him $2,000 for the trip in addition to the $1,000 still owed to him. It was on the second trip that Zuleta was arrested and charged with possession with intent to distribute 500 grams or more of methamphetamine. At sentencing, the district court granted Zuleta a safety valve reduction but denied his request to be considered as a minor participant. It then imposed a sentence of 110 months of imprisonment, a sentence in the middle of Zuleta's guidelines range of 97 to 121 months. This appeal followed.

## Discussion

We review the district court's denial of Zuleta's motion of judgment of acquittal based on the sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict, and accept as established all reasonable inferences supporting the verdict. United States v. Hayes, 391 F.3d 958, 961 (8th Cir. 2004). The verdict must be upheld if the evidence would permit a reasonable jury to find the defendant guilty beyond a reasonable doubt. U.S. v. Cabrera, 116 F.3d 1243, 1245 (8th Cir. 1997).

To obtain a conviction, the government had to prove that Zuleta was in possession of methamphetamine, that he knew he was in possession of methamphetamine, and that he intended to distribute it. 21 U.S.C. § 841; United States v. Sanders, 341 F.3d 809, 816 (8th Cir. 2003). Zuleta does not challenge the government's proof on the element of intent. Rather, he contends that the government failed to establish that he was in knowing possession of the methamphetamine found in his vehicle.

We have no hesitancy in concluding that Zuleta possessed methamphetamine. Although it was not found on his person, it was in a suitcase in his truck, and he was the sole occupant of the truck. Sanders, 341 F.3d at 816 (noting that constructive possession may be proved through evidence that a person maintains "knowledge and

ownership, dominion, or control over the contraband itself, or dominion over the vehicle in which the contraband is concealed" (quoting Ortega v. United States, 270 F.3d 540, 545 (8th Cir. 2001))). Moreover, the jury could properly infer that Zuleta knew that the methamphetamine was in his possession. First, we note that the methamphetamine was not secreted in a hidden compartment. Rather, it was found in a suitcase kept in a storage compartment below his bunk, and Zuleta's documents indicated that he inspected his vehicle during the trip. Further, Zuleta's travel documents and comments at the time of his arrest were inconsistent with the view that he was en route with a legitimate load. The driver's copy of the shipping order had been altered, which signaled to the officers that Zuleta wanted to conceal what had been written on the order. No one signed for Zuleta's load, and there was no date indicating when it was picked up or when the load was to be delivered. Finally, Zuleta apparently attempted to disassociate himself from the load by telling officers that his boss had picked it up and had it waiting for Zuleta to transport. Given the totality of this evidence, it was not unreasonable for a jury to conclude that Zuleta knowingly possessed the methamphetamine.

We next consider whether Zuleta's 110-month sentence is unreasonable when viewed in light of the factors enumerated in 18 U.S.C. § 3553(a). United States v. Booker, 125 S. Ct. 738, 765 (2005). To do so, we "must first determine the appropriate guidelines sentencing range, since that range does remain an important factor to be considered in the imposition of a sentence." United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005). In so doing, we "continue to examine de novo whether the district court correctly interpreted and applied the guidelines," and "continue to review findings of fact for clear error." United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). If the district court erred in its guidelines determinations, we will remand without reaching the question of whether the ultimate sentence is reasonable. Id. If the guidelines were correctly applied, however, we nonetheless review the sentence to determine if it is unreasonable. United States v. Archuleta, 412 F.3d 1003, 1007 (8th Cir. 2005).

Zuleta specifically challenges the district court's refusal to grant him an offense level reduction in recognition of his minor role as courier. United States Sentencing Guidelines section 3B1.2 provides for such a reduction when a defendant played a minor or minimal role in the offense. Such a determination is typically factual, and we thus review for clear error. United States v. Alverez, 235 F.3d 1086, 1090 (8th Cir. 2000) (quoting United States v. Hale, 1 F.3d 691, 694 (8th Cir. 1993)). After reviewing the record, we cannot say the district court clearly erred. Prior to sentencing, Zuleta admitted that he had acted as a courier on more than one occasion. We have recognized that a person's status as a courier does not necessarily establish entitlement to the adjustment. Alverez, 235 F.3d at 1090. As such, we find no error in the denial of a role adjustment, and further find the 110-month sentence is not unreasonable when considered in light of the 18 U.S.C. § 3553(a) factors.

For the reasons stated above, we affirm Zuleta's conviction and sentence.

_____