# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3283

_____

United States of America,

      Appellee,

v.

Noe Lopez-Vargas,

      Appellant.

\* Appeal from the United States
\* District Court for the
\* District of Nebraska.

_____

Submitted: April 19, 2006
Filed: August 9, 2006

_____

Before WOLLMAN, HANSEN, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Noe Lopez-Vargas pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and to one count of criminal forfeiture, in violation of 21 U.S.C. § 853. He was sentenced by the district court[1] to 108 months' imprisonment and was ordered to forfeit $12,000 in illegal proceeds. On appeal, he challenges the admissibility of the evidence against him and the length of his sentence. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

## I.

On November 24, 2003, federal agents were investigating possible narcotic activity at a residence in Omaha, Nebraska (the residence). As the agents engaged in surveillance of the residence, they observed a white Mercury with Arizona plates leave the residence, drive to a nearby business, and return to the residence. The federal agents had information that the Mercury contained proceeds from narcotics dealings and might be returning to Arizona soon. A few hours later, the Mercury departed Omaha, driving west on Interstate 80. The federal agents notified state officials about the vehicle and their investigation, and at approximately 9:00 p.m., Trooper Neil Trantham of the Nebraska State Patrol stopped the vehicle for speeding. Armando Medina-Constantino was driving the vehicle, and Lopez-Vargas was a passenger. Both were Mexican nationals illegally in the United States and both spoke little English.

Using a cellular phone, Trooper Trantham contacted the federal Immigration and Customs Enforcement agency (ICE) for translation services. Through the interpreter, Medina-Constantino verbally consented to a search of the vehicle. Trooper Trantham then filled out a Spanish-language search consent form, which he read to Medina-Constantino. Medina-Constantino, after following along and occasionally correcting Trantham's pronunciation, signed the consent form. Medina-Constantino was apparently unaware at the time that federal agents were investigating him and monitoring the traffic stop.

ICE Special Agent Henry Anton, who was fluent in Spanish, then arrived at the scene and questioned both Medina-Constantino and Lopez-Vargas about their immigration statuses. After discovering that they were illegally in the United States, Special Agent Anton placed them in custody. Drug Enforcement Administration (DEA) Agent Donato Sikorski then arrived at the scene. After being told that a toy pinball machine was found in the trunk, Agent Sikorski expressed his desire to move

the vehicle to a location where tools were available that could be used to open the pinball machine.

The vehicle was then towed to the Nebraska State Patrol headquarters, where Agent Sikorski opened the pinball machine and found $12,000 in cash therein. When Agents Sikorski and Anton subsequently questioned Lopez-Vargas about the money, he waived his Miranda rights and made several inculpatory statements. After the district court denied his motion to suppress, Lopez-Vargas pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine and to one count of criminal forfeiture. On appeal, he argues that the search was unlawful because it exceeded the scope of the consent given by Medina-Constantino, and that the district court erred in failing to grant him a two-level downward departure for his role in the offense.

## II.

On appeal from a denial of a motion to suppress, we review for clear error the factual findings of the district court, and we review *de novo* the legal determination that the Fourth Amendment was not violated. United States v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006). The scope of a consensual search is determined by what "the typical reasonable person [would] have understood by the exchange between the officer and the suspect." Florida v. Jimeno, 500 U.S. 248, 251 (1991). If it is objectively reasonable for an officer to believe that the scope of the suspect's consent permitted him to open a particular container, the Fourth Amendment is not violated. United States v. Brown, 345 F.3d 574, 580 (8th Cir. 2003).

Lopez-Vargas concedes that Medina-Constantino consented to the initial search of the vehicle conducted by Nebraska State Patrol officers. See Appellant's Br. at 18. He argues, however, that the later search by federal agents at the Nebraska State Patrol headquarters was not within the scope of the consent. The district court rejected this

argument, adopting the magistrate judge's[2] factual finding that "Medina-Constantino unequivocally gave consent for Trooper Trantham to enter and search the entire vehicle." Report & Recommendation of June 18, 2004, at 8. The district court further adopted the finding that "neither the form nor Medina-Constantino expressly limited the consent to search," concluding that "the goverment has met its burden of showing at least by a preponderance of the evidence, Medina-Constantino unconditionally consented to a search of the vehicle." Id. at 8-9.

We conclude that these factual findings are not clearly erroneous. Medina-Constantino signed a form agreeing that Trooper Trantham, with the assistance of other agents, could search the car. While this form identified the car based on its location when the form was signed, it did not limit, at least not in clear terms, Medina-Constantino's consent only to searches that occurred at that location. As a result, an objectively reasonable officer could believe that Medina-Constantino's consent extended to opening the pinball machine after the car had been towed to the State Patrol headquarters.

Lopez-Vargas argues that the district court ignored several facts: (1) Medina-Constantino's difficulty in communicating in English, (2) the marijuana cigarette found in the vehicle, (3) the lack of Miranda warnings given until after Medina-Constantino was arrested, (4) Medina-Constantino's lack of experience with law enforcement, and (5) his lack of awareness of the larger federal investigation. While these facts might be relevant to a determination of the voluntariness of Medina-Constantino's consent, Lopez-Vargas has conceded, as noted above, that voluntary consent to search was given. Moreover, none of these facts have any significant relevance in determining the scope of the consent. Accordingly, we conclude that the

[2]The Honorable Thomas B. Thalken, United States Magistrate Judge for the District of Nebraska.

district court did not commit clear error in finding that Medina-Constantino voluntarily consented to a search of the Mercury without limitation.

## III.

We review for clear error the district court's determination whether a particular defendant is entitled to a minor participant role reduction under Section 3B1.2 of the United States Sentencing Guidelines. United States v. Bueno, 443 F.3d 1017, 1022 (8th Cir. 2006). Lopez-Vargas carries the burden to prove that he is entitled to a reduction. United States v. Johnson, 358 F.3d 1016, 1018 (8th Cir. 2004). In cases in which the defendant is one of several participants in a conspiracy, he must show that his culpability was relatively minor compared to that of the other participants and that he was not deeply involved in the offense. See id. at 1018-19; United States v. Bush, 352 F.3d 1177, 1182 (8th Cir. 2003).

The record indicates that Lopez-Vargas was aware that he was transporting proceeds from a narcotics conspiracy, that he had been involved in several prior trips in furtherance of the conspiracy, and that he was trusted enough to travel across the country with $12,000 in cash. Accordingly, we conclude that the district court did not clearly err in finding that Lopez-Vargas was not entitled to a minor role reduction. Cf. United States v. Zuleta, 427 F.3d 1082, 1086 (8th Cir. 2005) (per curium) (affirming denial of minor role reduction because defendant had served as a courier on more than one occasion).

The judgment is affirmed.

_____