# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3776

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Luis Raul Cervantes, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: December 7, 2006
Filed: December 14, 2006

_____

Before RILEY, COLLOTON and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Luis Raul Cervantes appeals the 188-month prison sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1). On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by denying Cervantes a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2. We find no clear error in the district court's conclusion that Cervantes failed to prove his entitlement to a reduction. See United States v.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

O'Dell, 204 F.3d 829, 837 (8th Cir. 2000) (burden of proof and standard of proof). Cervantes, who was admittedly transporting drugs by car from California to Minnesota for another individual, presented little evidence concerning his role relative to those of other participants in the offense, and his status as a courier did not itself entitle him to a reduction. See United States v. Alverez, 235 F.3d 1086, 1090 (8th Cir. 2000) (courier role does not automatically justify mitigating-role reduction given that transportation is necessary to drug distribution; role is determined by participant's acts in relation to relevant conduct for which participant is held accountable and by measuring participants' relative culpability).

We have carefully reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we affirm the district court's judgment.

_____