# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3366

_____

United States of America,

          Appellee,

v.

Jamil V. Mackey, also known as
Shakur,

          Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: April 15, 2009
Filed: June 9, 2009

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jamil V. Mackey conditionally pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He now appeals the district court's[1] order denying his motion to suppress evidence. We affirm.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

I.

On April 30, 2007, Sergeant Satter and Sergeant Gardner of the Kansas City, Missouri, Police Department responded to a call from the manager of a local apartment complex that reported possible drug activity in Apartment 104. When the officers arrived at the scene, the manager informed them that Apartment 104 was leased to Crystal Brown. The officers ran a background check on that name and learned that Brown had a warrant outstanding for her arrest.

The officers proceeded to the apartment, where they encountered Brown and her boyfriend, Mackey. After the officers placed Brown under arrest, they asked Mackey for identification. Mackey told the officers that his name was Jamil Shakur and indicated that he had previously been arrested. The officers suspected that this was a false name because a background check did not reveal a criminal record.

Sergeant Satter took Brown out of the apartment and questioned her about Mackey's name. Brown stated that Mackey's name was Jamil Shakur. In response to Satter's question whether there was anything in the apartment that would verify Mackey's identity, Brown stated that there was probably some paperwork in the bedroom and suggested that Satter look in a blue tote.[2] Brown then consented to Satter's request for permission to go into the bedroom and look for something with Mackey's name on it.

Sergeant Satter walked into the bedroom and began searching the tote. Finding nothing, he turned his attention to the adjacent area, which included an unmade bed. Satter looked under the mattress and found a gun, a bag of marijuana, and a marijuana pipe. He then looked through the sheets and found some paperwork with the name Jamil Mackey. A search under that name revealed that Mackey had a prior felony

_____

[2]Also described in the record as a "blue tub" and "blue bin."

conviction, whereupon Mackey was placed under arrest for being a felon in possession of a firearm.

## II.

On an appeal from a denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*. United States v. Lopez-Vargas, 457 F.3d 828, 830 (8th Cir. 2006). It is undisputed that Brown, as the apartment's only leaseholder, had authority to consent to a search of the bedroom. The sole issue in this appeal is whether Sergeant Satter's search exceeded the scope of Brown's consent. "The scope of a consensual search is determined by what 'the typical reasonable person [would] have understood by the exchange between the officer and the suspect.'" Id. (quoting Florida v. Jimeno, 500 U.S. 248, 251 (1991)). If it is objectively reasonable for an officer to conclude that the search was within the scope of a suspect's consent, the Fourth Amendment is not violated. Id.

Mackey contends that Brown's reference to the blue tote should have been reasonably understood to limit her consent to that area of the bedroom. We disagree. Although Brown indicated that the tote was one place where Sergeant Satter could look for an item with Mackey's name, she did not express certainty that he would locate anything there, nor did she direct him to a particular form of identification. A reasonable person would have understood Brown's statement as suggesting one area to search, without excluding others. Moreover, Brown answered in the affirmative Satter's general question requesting permission to search the bedroom. Accordingly, it was objectively reasonable for Satter to believe that a search of the entire bedroom was within the scope of Brown's consent.

Mackey argues that this conclusion is inconsistent with parts of Satter's testimony. On cross-examination, Satter responded to several leading questions in a manner that seemed to emphasize the tote as the focus of Brown's consent. The

magistrate judge considered Mackey's argument on this point and found it unpersuasive, observing that the uncertainty was eliminated when the testimony was viewed in its entirety. The magistrate judge also noted that a broader view of Brown's consent was consistent with Satter's contemporaneous statements in his police report. The district court adopted these factual findings, and we cannot say that they were clearly erroneous. Accordingly, the district court did not err in denying Mackey's motion to suppress.

The judgment is affirmed.

_____