# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2363

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jose D. Buenrostro, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2011
Filed: December 12, 2011

_____

Before RILEY, Chief Judge, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

The district court,[1] upon the recommendation of the magistrate judge,[2] denied
Jose Buenrostro's motion to suppress evidence obtained during a search of his
vehicle. A jury found Buenrostro guilty of possessing with intent to distribute more
than 500 grams of a mixture or substance containing a detectable amount of

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of
Nebraska.

[2]The Honorable F.A. Gossett, United States Magistrate Judge for the District
of Nebraska.

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Buenrostro appeals the denial of his motion to suppress, and we affirm.

At 11:53 a.m. on September 28, 2009, a state trooper pulled over Buenrostro and passenger Luis Trejo-Diaz for speeding on Interstate 80 in western Nebraska in a sport-utility vehicle (SUV). The trooper told Buenrostro he intended to issue a warning and asked dispatch to run a check on Buenrostro's criminal history. Dispatch informed the trooper that Buenrostro had a prior felony drug conviction and the trooper had Buenrostro sit in the passenger seat of his cruiser while he finished writing the warning ticket. When the trooper asked Buenrostro questions about his travel plans, Buenrostro gave contradictory responses regarding his destination and purpose. Buenrostro's story also clashed with Trejo-Diaz's statements. Approximately forty minutes after the trooper pulled over the SUV, he issued Buenrostro a warning ticket and returned Buenrostro's license, registration, and proof of insurance. Then, the trooper asked Buenrostro, who was still sitting in the patrol car, whether he had ever been in trouble with the law and whether there were any drugs in the SUV. Buenrostro answered, "No," to both questions. The trooper then asked if he could search the SUV and, without hesitation, Buenrostro responded, "Sure." After searching the vehicle on the roadside, the trooper told Buenrostro that he needed to move the vehicle to continue the search. Buenrostro responded, "Okay," got in his SUV, and followed troopers to a nearby shop. There, troopers removed the SUV's rear seat and discovered a hidden compartment containing thirteen wrapped packages of methamphetamine.

Buenrostro asserts that the district court erred when it denied his motion to suppress evidence obtained during the troopers' search of the SUV. When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Suitt, 569 F.3d 867, 870 (8th Cir. 2009).

Buenrostro concedes that he was lawfully stopped for speeding, but contends that his roadside detention was unconstitutionally prolonged. Under the Fourth Amendment, an otherwise constitutional traffic stop can become unlawful if "it is prolonged beyond the time reasonably required to complete its purpose." Id. at 870 (quotations omitted). During a traffic stop, an officer may detain the occupants of a vehicle to complete "a number of routine but somewhat time-consuming tasks," such as (1) inquiring about the occupants' destination, route, and purpose; (2) running checks on the vehicle's registration and the occupants' criminal history; (3) asking for consent to search the vehicle; and (4) drafting a citation or warning ticket. United States v. Bracamontes, 614 F.3d 813, 816 (8th Cir. 2010) (quotation omitted). And, an officer may expand the scope of a traffic stop if he has reasonable suspicion to do so. Id. Whether a detention is reasonable in length is an objective determination based on the totality of the circumstances. Suitt, 569 F.3d at 871.

Here, the trooper initially expressed an intent to issue a warning ticket and then focused his attention on completing the routine, time-consuming tasks of running criminal history checks, drafting the warning ticket, and asking Buenrostro and Trejo-Diaz about their travel plans. While doing so, Buenrostro and Trejo-Diaz gave contradictory responses to simple questions regarding their destination and purpose. Such inconsistent responses gave the trooper reasonable suspicion to expand the scope of the stop. Bracamontes, 614 F.3d at 816. Accordingly, we hold that the length of Buenrostro's detention was reasonable. Id.; Suitt, 569 F.3d at 871-72.

Next, Buenrostro avers that the district court erred when it found that he voluntarily consented to the search of the SUV. Consent is voluntary if it is the product of free choice and not the product of duress or coercion. United States v. Chaidez, 906 F.2d 377, 380 (8th Cir. 1990). Voluntariness is a question of fact that depends on the totality of the circumstances, including the defendant's characteristics and the environment in which consent is given. Id. at 380-81 (listing specific

factors). We review the district court's factual finding of voluntary consent for clear error. Id. at 380.

Buenrostro directs our attention to several factors that weigh in favor of finding that his consent was involuntary. For example, Buenrostro gave his consent in a patrol car, he was not informed of his right to withhold consent, and English is not his first language. But, the following factors weigh in favor of finding voluntary consent: (1) Buenrostro is an adult; (2) there is no evidence that he was intoxicated; (3) he understood the trooper's basic questions; (4) he had been arrested on several previous occasions, suggesting that he was aware of protections the legal system affords to suspects; (5) he gave consent on a public roadway during daylight hours; and (6) the trooper did not employ threats, promises, or misrepresentations to obtain consent. After reviewing the totality of the circumstances, we hold that the district court did not clearly err when it found that Buenrostro gave voluntary consent. See id. at 381-82.

Finally, Buenrostro contends that moving the SUV to another location to continue the search exceeded the scope of his consent. We disagree. If it is objectively reasonable for an officer to believe that a search is within the scope of the suspect's consent, the Fourth Amendment is not violated. United States v. Lopez-Vargas, 457 F.3d 828, 830 (8th Cir. 2006). Here, Buenrostro voluntarily consented to a search of the SUV after the trooper asked him whether the SUV contained drugs. Buenrostro never expressly limited the scope of his consent and he never attempted to withdraw such consent. Instead, without objection, Buenrostro drove the SUV from the roadside to the shop to continue the search. Under these circumstances, an objectively reasonable officer would believe that Buenrostro's consent extended to searching the SUV after it was moved to the shop. Id. at 830-31.

We affirm.

_____

-4-