# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2917

_____

United States of America,

    Appellee,

  v.

Esteban Huizar, also known as
Cuchillo,

    Appellant.

 \* 
 \* 
 \* 
 \*  Appeal from the United States
 \*  District Court for the
 \*  Northern District of Iowa.
 \* 
 \*  [UNPUBLISHED]
 \* 
 \* 

_____

Submitted: April 17, 2012
Filed: May 4, 2012

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Esteban Huizar pleaded guilty to conspiring to distribute 500 grams of a mixture or substance containing at least fifty grams of pure methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. After calculating an advisory guidelines range of 168-210 months, and granting the government's motion for a downward departure for substantial assistance under United States Sentencing Guidelines Manual (U.S.S.G.) § 5K1.1, the district court[1] sentenced Huizar to ninety-

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

two months of imprisonment. Huizar appeals his sentence. He contends the district court erred when it calculated the advisory guidelines range by failing to give him a two-level reduction for a mitigating role in the offense pursuant to U.S.S.G. § 3B1.2.

Reviewing for clear error, see United States v. Bradley, 643 F.3d 1121, 1128 (8th Cir. 2011), we affirm the district court's sentence. A reduction for a mitigating role is not appropriate when "the defendant was 'deeply involved' in the offense." United States v. Bush, 352 F.3d 1177, 1182 (8th Cir. 2003) (quoting United States v. West, 942 F.2d 528, 531 (8th Cir. 1991)). The district court found Huizar was deeply involved in this offense based on a number of factors, which included Huizar's participation in the conspiracy for over two years, his reception and resale of substantial quantities of meth to several different people, his transportation of meth (including transporting meth across the Mexican border) to other distributors and collection of payments from them, and his sending of wire transfers involving drug money. The district court's fact finding was not clearly erroneous. See, e.g., United States v. Stanley, 362 F.3d 509, 511-12 (8th Cir. 2004) (affirming the denial of a mitigating role reduction where the defendant "distributed methamphetamine many times to several different people"); United States v. Godinez, 474 F.3d 1039, 1043 (8th Cir. 2007) (affirming the denial of a mitigating role reduction where the defendant "transported drugs across state lines, stored them at his residence, and sold them").

Accordingly, we affirm.

_____