# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1423
_____

United States of America

*Plaintiff - Appellee*

v.

Jacob Paul McWaters

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: February 10, 2025
Filed: June 9, 2025
[Published]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jacob McWaters pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine. See 21 U.S.C. § 841(a)(1),

(b)(1)(A). The district court[1] sentenced McWaters to 240 months in custody, followed by five years of supervised release. McWaters appeals his sentence.

I.

During a traffic stop in January 2023, law enforcement officials found 19,910 grams of actual methamphetamine in McWaters's vehicle. In a post-Miranda interview, McWaters admitted that he was transporting twenty "keys" of methamphetamine from Texas to Minnesota, and that on two prior occasions, he had transported both methamphetamine and drug proceeds between Texas and Minnesota.

At sentencing, McWaters objected to the PSR's calculation of his Guidelines range, arguing he was entitled to an additional reduction in his offense level for his mitigating role in the offense. The district court overruled the objection, and calculated his Guidelines range at 292 to 365 months. McWaters moved for a downward variance, which the court granted in part, ultimately sentencing him to 240 months in custody followed by five years of supervised release.

II.

McWaters argues the district court erred in refusing to apply a role reduction under USSG § 3B1.2. Whether a defendant qualifies for a reduction is a factual finding, so we review for clear error. See United States v. Foard, 108 F.4th 729, 737 (8th Cir. 2024).[2]

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

[2]In support of its position, the government asserts that "[t]his Court regularly denies minor-participant reductions to drug couriers." But we do not deny or grant reductions. We simply review factual findings for clear error, see Foard, 108 F.4th at 737, and legal conclusions de novo, United States v. Carpenter, 487 F.3d 623, 625 (8th Cir. 2007). "The application of section 3B1.2 is inherently fact-bound and

Section 3B1.2 provides for "a sliding scale of . . . reductions 'for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.'" United States v. Beridon, 43 F.4th 882, 885 (8th Cir. 2022) (quoting USSG § 3B1.2, comment. (n.3(A))). Under this scheme, a defendant's offense level is reduced "four-levels if he was a 'minimal' participant, two-levels if he was a 'minor' participant, and three-levels if his role fell between minor and minimal." Id. (quoting USSG § 3B1.2). A defendant may be eligible for a role reduction even if, like McWaters, he has been convicted of a "sole participant offense." United States v. Johnson, 358 F.3d 1016, 1018 (8th Cir. 2004) (citation modified). To prove he is entitled to a reduction, McWaters must show that the conduct "for which [he] would otherwise be [held] accountable involved more than one participant," and that his "culpability for such conduct was relatively minor compared to that of the other participant or participants." Id. (quoting United States v. Snoddy, 139 F.3d 1224, 1231 (8th Cir. 1998)); see also Beridon, 43 F.4th at 885 (noting that "the defendant has the burden to prove eligibility for an offense level reduction").

McWaters emphasizes he was a low-level drug courier and that he had "minimal knowledge of the overarching [drug] operation." The fact that McWaters was a courier for a larger distribution network is relevant to the district court's assessment of his relative role, but that fact, alone, is insufficient to show his entitlement to a reduction. See Beridon, 43 F.4th at 886. McWaters also failed to identify any evidence to show how his conduct compared to the conduct of other participants involved in the relevant conduct. See id. (noting the defendant "offered no evidence establishing the relative culpability of participants other than his cousin"); see also United States v. Monk, 312 F.3d 389, 391 (8th Cir. 2002) (making same point). And his base offense level was calculated solely on the quantity of drugs he personally transported. See United States v. Alvarez, 235 F.3d 1086, 1090

largely committed to the discretion of the trial judge," United States v. Snoddy, 139 F.3d 1224, 1232–33 (8th Cir. 1998) (quoting United States v. Caballero, 936 F.2d 1292, 1299 (D.C. Cir. 1991)), and "is heavily dependent upon the facts of the particular case," USSG § 3B1.2, comment. (n.3(C)).

(8th Cir. 2000) (upholding denial of role reduction for "courier for a larger distribution operation" whose "sentence was based solely on the quantity of drugs" he transported). On this record, we see no clear error in the district court's finding that McWaters failed to meet his burden for a reduction in his offense level.

## III.

We affirm.

_____