# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3210

_____

United States of America,

        Appellee,

v.

Mark Edward Echols,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Southern
\*  District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: June 3, 2010
Filed: June 15, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Mark Echols challenges the 80-month prison sentence that the district court[1] imposed after he pleaded guilty to conspiring to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in calculating drug quantity, assessing a dangerous-weapon enhancement, and assigning two criminal history points to a prior sentence. In a pro se supplemental brief, Echols joins counsel in challenging the

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

dangerous-weapon enhancement and the criminal history points. He also argues that counsel rendered ineffective assistance at sentencing. We affirm.

At the sentencing hearing, defense counsel withdrew Echols's objections to the presentence report's drug-quantity calculations, dangerous-weapon enhancement, and assignment of criminal history points. He therefore waived our consideration of those issues. See United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008) (on appeal, defendant waives issues raised in withdrawn objections to presentence report). We also conclude that Echols should raise his ineffective-assistance argument in 28 U.S.C. § 2255 proceedings. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006).

Finally, having reviewed the record under Penson v. Ohio, 388 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we deny Echols's motion for new appointed counsel.

_____