# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3486

_____

United States of America

*Plaintiff - Appellee*

v.

Kerby St. John

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: May 17, 2013
Filed: June 7, 2013
[Published]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Kerby St. John was charged with domestic assault by a habitual offender in violation of 18 U.S.C. § 117. At trial St. John moved for a judgment of acquittal

based on insufficient evidence, which the district court[1] denied. The jury convicted St. John of the charge, and he appeals. We affirm.

St. John is a member of the Standing Rock Sioux Tribe and lives on the reservation in Kenel, South Dakota. Some eleven years ago he began dating Bonnie White Bull, a member of the same tribe. Their relationship started well, and White Bull soon moved into St. John's house. There was evidence at trial that St. John then became jealous and asserted control over the clothes White Bull wore and the amount of time she spent on errands. St. John would become angry and sometimes violent if White Bull did not meet his expectations. They nonetheless continued living together for some nine years.

On the morning of July 21, 2011, White Bull received a phone call relating to St. John's work at a horse pasture, and she drove to the pasture to take him coffee and deliver the message. That night while White Bull was bathing, St. John went into the bathroom upset about her trip to the pasture. White Bull got out of the bathtub and went into the bedroom, pleading with him to calm down. St. John grew angrier, began yelling, and called White Bull various names before pushing her and hitting her in the face. St. John then left the house. Although White Bull was hurt and upset, she did not call for help and slept in the same bed with St. John that night.

White Bull later testified that she was embarrassed by the incident and afraid of St. John. He threatened to lie if she made a report to the police. White Bull was also afraid that St. John could have her fired from her job as a tribal school nurse because he was a member of the tribal council. After two days of "walking on eggshells" and trying to act normally around St. John, White Bull told one of her neighbors and another friend about the violent incident. After they encouraged her

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

to report the abuse, White Bull called the police while St. John was out of the house. An officer from the Bureau of Indian Affairs (BIA) spoke with White Bull and investigated the incident. He observed bruising on her right cheek and photographed her injuries. White Bull stayed at a neighbor's house that night and permanently separated from St. John the following morning.

St. John was thereafter charged with one count of domestic assault by a habitual offender in violation of 18 U.S.C. § 117. At trial both White Bull and the BIA officer testified, and photographs of her injuries were introduced. At the end of the government's case in chief, St. John moved for a judgment of acquittal based on insufficient evidence. The district court denied the motion. St. John then called five defense witnesses who testified about him and his relationship with White Bull. At the close of all the evidence St. John renewed his motion for a judgment of acquittal, which was again denied. The jury convicted St. John of the charge, and the district court sentenced him to 24 months imprisonment.

St. John appeals, claiming there was insufficient evidence to support his conviction. We review a challenge to the sufficiency of the evidence de novo and will affirm the jury's verdict "if, taking all facts in the light most favorable to the verdict, a reasonable juror could have found the defendant guilty of the charged conduct beyond a reasonable doubt." United States v. Clark, 668 F.3d 568, 572 (8th Cir. 2012) (citation omitted). On this review we do not weigh the evidence or assess witness credibility because the jury has "the sole responsibility to resolve conflicts or contradictions in testimony." United States v. Wiest, 596 F.3d 906, 910 (8th Cir. 2010).

To convict St. John of domestic assault by a habitual offender, the government had to prove that (1) on at least two prior occasions St. John had been convicted of domestic assault in Indian tribal court, (2) St. John had assaulted White Bull, (3) St. John and White Bull were cohabiting as intimate partners at the time of the offense,

and (4) the assault occurred in Indian country. See 18 U.S.C. § 117. St. John contests only the third element. An "intimate partner" under § 117 is a person who cohabits in a social relationship of a romantic or intimate nature, which is assessed by considering the length and type of their relationship and the frequency of their interaction. See 18 U.S.C. § 2266(7). St. John argues that no interpretation of the trial evidence would allow a reasonable jury to find that he and White Bull were cohabiting as intimate partners at the time of the assault. He emphasizes that no witness specifically stated that they were sexually involved and that the government failed to establish a definitive time frame for their relationship. St. John contends that the jury's verdict was the product of mere speculation.

After examining the evidence, we conclude that it was sufficient to sustain the jury's verdict. White Bull testified that she and St. John had started dating in approximately 2002 and that she moved into his house soon thereafter. After some nine years there, she permanently left his house as a result of the assault on her. When the government asked White Bull on direct examination if she had "become involved in a relationship" with St. John and if they had "date[d] for a period of time," she answered both questions affirmatively. She testified that on the night of the assault St. John had entered the bathroom while she was bathing and that the two ended up sleeping in the same bed that evening. The jury apparently believed White Bull's testimony, and her credibility was a matter for it to assess. See Wiest, 596 F.3d at 910. Moreover, St. John's own witnesses referred to White Bull as his "girlfriend" and indicated that they formerly lived together. Viewing all the evidence in the light most favorable to the verdict, Clark, 668 F.3d at 572, a reasonable jury could find that St. John and White Bull were cohabiting as intimate partners at the time of the assault.

Based upon this record we conclude that the district court did not err by denying St. John's motion for a judgment of acquittal. We affirm the judgment.

_____