# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2316

_____

United States of America

*Plaintiff - Appellee*

v.

Larry Phillips

*Defendant - Appellant*

_____

No. 12-2550

_____

United States of America

*Plaintiff - Appellee*

v.

Quintel Phillips

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: April 10, 2013
Filed: August 5, 2013
[Unpublished]

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After Roderick Davis, a confidential informant, completed a controlled purchase of high grade marijuana from Quintel Phillips, officers sought and received a warrant to search the residence from which the sale had occurred. During the subsequent search, officers found in the residence Quintel; his brother, Larry Phillips; and their cousin, Roland Anderson. When officers entered the residence, Larry ran into the bathroom and dropped a loaded a 9-millimeter handgun onto the floor. Quintel was in the bedroom when officers entered the residence. In the bedroom, officers found a .38 caliber handgun; Quintel's cell phone; a jar of high grade marijuana; two digital scales, one of which had marijuana residue on it; a box of .38 caliber ammunition; two boxes of plastic sandwich bags; other plastic sandwich bags that had their corners removed; and a corner of a sandwich bag containing high grade marijuana. The officers also found $745 in the unemployed Quintel's jeans.

Larry pleaded guilty to being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). After a trial, a jury found Quintel guilty of distributing marijuana in a protected location after having been convicted of a prior drug felony, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 851, and 860 (Count 1); possessing with intent to distribute marijuana in a protected location after having been convicted of a prior drug felony, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 851, and 860 (Count 2); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3); possessing a firearm as a felon and unlawful drug user, in violation of 18 U.S.C.

§§ 922(g)(1), 922(g)(3), and 924(a)(2) (Count 4); attempting to tamper with witnesses, in violation of 18 U.S.C. § 1512(b)(1) and (j) (Count 5); and tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1) and (j) (Count 6). The district court[1] sentenced Larry to 57 months' imprisonment and sentenced Quintel to a total of 360 months' imprisonment. Larry and Quintel appeal, challenging their sentences. Quintel also challenges the sufficiency of the evidence on Counts 1-4, the exclusion of certain evidence, and the denial of his counsel's motion to withdraw before sentencing. We affirm.

Quintel first argues that the evidence was insufficient to support Counts 1-4. Specifically, he argues that the evidence was insufficient to establish (1) that he distributed marijuana; (2) that he possessed with the intent to distribute marijuana; and (3) that he possessed a firearm in furtherance of a drug crime. "We review a challenge to the sufficiency of the evidence de novo and will affirm the jury's verdict 'if, taking all facts in the light most favorable to the verdict, a reasonable juror could have found the defendant guilty of the charged conduct beyond a reasonable doubt.'" United States v. St. John, 716 F.3d 491, 493 (8th Cir. 2013) (per curiam) (quoting United States v. Clark, 668 F.3d 568, 573 (8th Cir. 2012)).

Upon review of the record, we conclude that sufficient evidence established that Quintel distributed marijuana and that he possessed with the intent to distribute marijuana. At trial, Davis testified that he had purchased high grade marijuana from Quintel during the controlled purchase. Davis wore a recording device during the transaction and was monitored by officers as he entered and exited the residence. Officers searched Davis before and after the controlled purchase to ensure that he had indeed acquired the marijuana during the controlled purchase. While conducting surveillance of the residence on the day preceding the search, officers saw Quintel

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

engage in hand-to-hand transactions with people outside the residence. The residence from which the controlled purchase had occurred was rented by Quintel's girlfriend. Quintel visited the residence daily and slept there twice a week. At trial, another confidential informant, Shane Arnold, testified that he went to the residence two or three times a week to engage in drug transactions with Quintel.

Sufficient evidence also established that Quintel possessed a firearm in furtherance of a drug crime. During the search, officers found a .38 caliber handgun under a pillow on the side of the bed in which Quintel slept twice a week. Officers also found Quintel's cell phone on the bed and ammunition for a .38 caliber handgun in the bedroom. At the time of the search, Quintel was in the bedroom. At trial, Davis testified that he had seen Quintel with many firearms, including a .38 caliber handgun. Arnold testified that he saw Quintel with a .38 caliber handgun at the residence three weeks before the search. During her testimony at trial, Quintel's girlfriend acknowledged that she had testified before the grand jury that she had once seen Quintel with the .38 caliber handgun in the bedroom of the residence.

Quintel argues that Davis and Arnold were not credible and thus their testimony was insufficient to support the jury's verdict. "[W]e do not weigh the evidence or assess witness credibility because the jury has 'the sole responsibility to resolve conflicts or contradictions in testimony.'" St. John, 716 F.3d at 493 (quoting United States v. Wiest, 596 F.3d 906, 910 (8th Cir. 2010)); see also United States v. Moya, 690 F.3d 944, 950 (8th Cir. 2012) (explaining that "[t]he jury's credibility determinations are virtually unreviewable on appeal" (alteration in original)). Moreover, Quintel's challenge to Davis's and Arnold's credibility is particularly unconvincing in light of his attempts by means of threatening phone calls to prevent Davis and another witness from testifying. If credited by the jury, Davis's and Arnold's testimony, along with the other testimony and evidence offered at trial, were sufficient to convict Quintel of Counts 1-4.

Quintel next argues that the district court erred in excluding an e-mail sent from the prosecuting Assistant United States Attorney (AUSA) to an Assistant Federal Public Defender not involved in the case. In the e-mail, the AUSA sought to obtain any information about Quintel's drug and gun possession from an unrelated defendant. The district court excluded the e-mail, concluding that it had no probative value and was irrelevant; that if there were any probative value, it was outweighed by the danger of confusion; and that it was inadmissible hearsay. Quintel argues that the e-mail would have established that the government went to "extraordinary lengths to build a case against [him]." "Evidentiary rulings are reviewed for abuse of discretion, and we afford deference to the district judge who saw and heard the evidence." United States v. Espinosa, 585 F.3d 418, 430 (8th Cir. 2009) (footnote omitted) (quoting United States v. Davidson, 449 F.3d 849, 853 (8th Cir. 2006)). We conclude that the district court did not abuse its discretion in excluding the e-mail for want of relevance. See Fed. R. Evid. 401, 402. That the AUSA inquired whether an unrelated defendant had any information relevant to the charges against Quintel bore no relevance in Quintel's case, as the unrelated defendant did not testify at trial.

Quintel also argues that the magistrate judge[2] erred in denying his counsel's motion to withdraw before sentencing. "A motion for appointment of substitute counsel is committed to the district court's sound discretion." United States v. Taylor, 652 F.3d 905, 908 (8th Cir. 2011). "To prevail on this claim, [Quintel] must show 'justifiable dissatisfaction' with [his counsel.]" Id. (quoting United States v. Boone, 437 F.3d 829, 839 (8th Cir. 2006)). Justifiable dissatisfaction "can arise from irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation[.]" Boone, 437 F.3d at 839. Quintel's dissatisfaction with his counsel arose from his frustration over counsel's failure to raise certain objections or to file

---

[2]The Honorable Jon Stuart Scoles, Chief United States Magistrate Judge for the Northern District of Iowa.

certain motions, frustration that resulted in Quintel's refusing to meet with his counsel, filing pro se motions for trial transcripts, and filing a complaint against his counsel with the United States Supreme Court. "[F]rustration with appointed counsel's performance or disagreement with counsel's tactical decisions is not justifiable dissatisfaction." Taylor, 652 F.3d at 908. "The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of the advocacy." United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003). Following a hearing, the magistrate judge found no basis for appointing new counsel and denied the motion.[3] In Taylor, we held that the district court did not abuse its discretion in declining to grant the defendant's requests for new counsel where the defendant refused all contact with his appointed counsel, filed a complaint against counsel, and demanded a change of venue. 652 F.3d at 909. Under similar circumstances here, we cannot say that it was an abuse of discretion for the magistrate judge not to appoint new counsel. See id. ("Properly viewed, this was not a breakdown of communication requiring appointment of new counsel, only an unwillingness on [the defendant's] part to communicate with appointed counsel.").

Turning to their challenges to their respective sentences, Larry and Quintel argue that the district court erred in denying their motions for a downward departure or variance.[4] Because the district court was aware of its ability to depart downward, its decision not to do so is unreviewable. See United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007) ("We have repeatedly held that when a district court is

---

[3]Quintel then moved to proceed pro se. The magistrate judge granted the motion, finding that Quintel's request was made knowingly, voluntarily, and intelligently, but also appointed Quintel's former counsel as stand-by counsel.

[4]Larry also argues that the district court erred in determining that he had 11 criminal history points. Although he initially raised this challenge in his sentencing memorandum, he withdrew this challenge at sentencing. Accordingly, we do not consider it. See, e.g., United States v. Echols, 379 F. App'x 543, 544 (8th Cir. 2010) (per curiam); United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002).

aware of its discretion to depart downward and elects not to exercise this discretion, then that decision is unreviewable."). "We do have authority to review the court's refusal to grant a downward variance for abuse of discretion." United States v. Brown, 627 F.3d 1068, 1074 (8th Cir. 2010). Because Larry's and Quintel's sentences were within the applicable United States Sentencing Guidelines ranges, they are presumptively reasonable. See United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011). The district court explained at sentencing that Larry and Quintel had extensive criminal histories, as well as histories of not complying with court orders. The district court also noted that Larry had admitted to gang affiliation and had fired shots into an occupied house in January 2011, and that Quintel possessed a firearm in connection with his drug activity and threatened witnesses in an effort to prevent them from testifying against him. Given these circumstances, we conclude that the district court did not abuse its discretion by declining to vary downward.

Quintel's conviction and sentence are affirmed. Larry's sentence is affirmed.

_____