# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2880

_____

United States of America

*Plaintiff - Appellee*

v.

Chris Neil Ferguson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 16, 2013
Filed: August 8, 2013
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Chris Ferguson was convicted of domestic assault by a habitual offender, in violation of 18 U.S.C. § 117. The district court[1] sentenced him to 60 months' imprisonment. We affirm.

## I. Background

A grand jury indicted Ferguson for the domestic assault of Lois Thompson. At trial, Lois testified that on December 19, 2009, Ferguson assaulted her while she was at her daughter Catherine's house on the Bois Forte Reservation in Minnesota. The jury also heard testimony from Deborah Decker, an agent with the FBI. During cross-examination of Decker, Ferguson's counsel learned that the government had failed to provide the defense with several interview summaries (FBI 302 reports), including an FBI 302 report concerning Decker's interview of Lois. The district court took a recess to allow Ferguson's counsel to review the newly disclosed FBI 302 reports. After reviewing the reports, Ferguson moved for a mistrial. After examining the FBI 302 reports and allowing Ferguson to question Decker about them, the district court denied the motion.

At the close of the government's evidence, Ferguson moved for acquittal under Federal Rule of Criminal Procedure 29. The district court denied the motion, and the jury found Ferguson guilty. Thereafter, Ferguson moved for a new trial under Federal Rule of Criminal Procedure 33, arguing that the government's failure to disclose the FBI 302 reports before trial constituted a Brady violation. See Brady v. Maryland, 373 U.S. 83 (1963). The district court denied the motion.

Ferguson's presentence investigation report calculated a United States Sentencing Guidelines (Guidelines) range of 84 to 105 months' imprisonment.

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

Because this Guidelines range exceeded the statutory maximum penalty of 60 months' imprisonment, the district court determined that 60 months' imprisonment was the Guidelines sentence. See U.S.S.G. § 5G1.1(a). The district court sentenced Ferguson to 60 months' imprisonment. Ferguson appeals, arguing that the evidence was insufficient to support his conviction, that the district court abused its discretion by denying his motion for a new trial, and that his sentence was substantively unreasonable.

## II. Discussion

### A. Sufficiency of the Evidence

"We review the sufficiency of the evidence supporting a conviction de novo, viewing evidence in the light most favorable to the government and accepting all reasonable inferences in favor of the jury's verdict." United States v. Garcia, 521 F.3d 898, 901 (8th Cir. 2008). "We may reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. May, 476 F.3d 638, 641 (8th Cir. 2007) (quoting United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003)).

Ferguson contends that the evidence was insufficient to support his conviction because the government failed to prove that he assaulted Lois. See United States v. St. John, 716 F.3d 491, 493 (8th Cir. 2013) (per curiam) (listing elements of domestic assault by a habitual offender). Lois testified that on December 19, 2009, she and Ferguson were drinking at her daughter Catherine's house. An argument erupted after Lois told Ferguson to stop drinking. Lois testified that while she was sitting on a bed in one of the bedrooms, Ferguson kicked her in the back and face and punched her. Lois called to Catherine for help.

Catherine corroborated Lois's version of events, testifying that she ran into the bedroom after she heard a loud bang and Lois screaming. Catherine saw Ferguson standing over Lois, who had a knot on her forehead and lay crying on the floor. The government offered exhibits showing Lois with a black eye and bruising on her forehead and the side of her face.

Ferguson argues that this evidence is insufficient because there were inconsistencies in Lois's testimony and because her behavior after the assault suggests that it never took place. These assertions are nothing more than attacks on Lois's credibility, which Ferguson's counsel had an opportunity to challenge at trial. "[T]he jury has sole responsibility for resolving conflicts or contradictions in testimony, and we must resolve credibility issues in favor of the verdict." United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006). Assuming, as we must, that the jury found the testimony of Lois and Catherine credible, the evidence was clearly sufficient to support a finding that Ferguson assaulted Lois.

## B. Motion For a New Trial

Federal Rule of Criminal Procedure 33 provides that a district court may "vacate any judgment and grant a new trial if the interest of justice so requires." "The district court's discretion in this regard is quite broad, and we review only for an abuse of such discretion[.]" United States v. Tate, 633 F.3d 624, 629 (8th Cir. 2011) (internal quotation marks and citations omitted).

Ferguson argues that the government's failure to disclose before trial the FBI 302 report concerning Decker's interview of Lois violated Brady. "Under Brady, the government must disclose any evidence both 'favorable to an accused' and 'material either to guilt or to punishment.'" United States v. Whitehill, 532 F.3d 746, 753 (8th Cir. 2008) (quoting Brady, 373 U.S. at 87). "The disclosure obligation encompasses both substantive exculpatory evidence and evidence that might be valuable in

impeaching government witnesses." United States v. Livingstone, 576 F.3d 881, 884 (8th Cir. 2009). "To establish a Brady violation, a defendant is required to show that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material." United States v. Keltner, 147 F.3d 662, 673 (8th Cir. 1998).

Ferguson has failed to demonstrate that the prosecution suppressed evidence. "Under the rule in our circuit Brady does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." United States v. Almendares, 397 F.3d 653, 664 (8th Cir. 2005). Ferguson received the FBI 302 reports before the close of the government's case and he and his counsel were given time to review them. As the district court noted, Ferguson had his entire case-in-chief during which to call witnesses concerning the FBI 302 reports and to develop a theory of defense based upon them. Because the FBI 302 reports were disclosed in time to be used effectively at trial, Ferguson's Brady rights were not violated. See United States v. Jeanpierre, 636 F.3d 416, 422 (8th Cir. 2011) (no Brady violation where defendant received police reports during trial and was given the opportunity to call any additional witnesses based upon the contents of the reports); United States v. Tyndall, 521 F.3d 877, 882 (8th Cir. 2008) ("A mid-trial disclosure violates Brady only if it comes too late for the defense to make use of it."). Accordingly, the district court did not abuse its discretion by denying Ferguson's motion for a new trial.

## C. Sentencing

Ferguson argues that his sentence is unreasonable because it is longer than necessary to achieve the goals of sentencing. "We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." United States v. Green, 691 F.3d 960, 966 (8th Cir. 2012). When, as here, the bottom of the Guidelines range is above the statutory maximum, "the statutory maximum

sentence is presumed reasonable." United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006).

Ferguson contends that the district court gave insufficient weight to his traumatic brain injury and that his actions since the December 19, 2009, incident demonstrate that he is not a threat to the public. At sentencing, the district court noted that it had reviewed the presentence investigation report and Ferguson's presentencing submission, both of which described, among other things, Ferguson's traumatic brain injury. The district court was well within its discretion to balance any mitigating factors against Ferguson's criminal history, and we find no basis for concluding that his sentence is substantively unreasonable. See United States v. Farmer, 647 F.3d 1175, 1180 (8th Cir. 2011) ("A district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors.").

III. Conclusion

The conviction and sentence are affirmed.

_____