# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2345
_____

United States of America

*Plaintiff - Appellee*

v.

Bernard Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 12, 2021
Filed: June 25, 2021
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Bernard Jackson of one count of strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153 and one count of domestic assault by a habitual offender in violation of 18 U.S.C. § 117(a). The district court[1] sentenced him to 96

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

months in prison. He appeals his convictions and sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Jackson maintains the evidence was insufficient to convict him of strangulation and domestic assault of his ex-wife L.C. This court reviews the sufficiency of the evidence de novo, viewing the evidence most favorably to the verdict. *United States v. Hill*, 410 F.3d 468, 471 (8th Cir. 2005). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

To prove strangulation, the government had to prove that: (1) Jackson assaulted L.C. by strangling or attempting to strangle her; (2) L.C. and Jackson were spouses, intimate partners, or dating partners; (3) the assault occurred in "Indian country;" and (4) Jackson is an Indian. *See* 18 U.S.C. § 113(a)(8); 18 U.S.C. § 1153. Jackson stipulated to elements 3 and 4. An intimate partner means "a spouse or former spouse of the abuser," "a person who shares a child in common with the abuser," or "a person who is or has been in a social relationship of a romantic or intimate nature with the abuser." 18 U.S.C. § 2266(7). "Strangling" means "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck, regardless of whether that conduct results in any visible injury or whether there is any intent to kill or protractedly injure the victim." 18 U.S.C. § 113(b)(4).

To prove domestic assault by a habitual offender, the government had to prove that: (1) Jackson assaulted L.C.; (2) L.C. and Jackson were current or former spouses, had a "child in common," or were "similarly situated" to spouses; (3) Jackson has at least two prior convictions for conduct that would be considered assault against a spouse or intimate partner; and (4) the assault occurred in "Indian country." *See* 18 U.S.C. § 117(a). Jackson stipulated to elements 3 and 4. Assault

is defined as "any intentional and voluntary attempt or threat to injure another person, combined with the apparent present ability to do so, which is sufficient to put the other person in fear of immediate bodily harm or any intentional and voluntary harmful and offensive touching of another person without justification or excuse." *Eighth Circuit Model Jury Instructions (Criminal)* §§ 6.18.113(5), 6.18.113(8) (2018).

At trial, L.C. testified that she was married to Jackson for 16 years before divorcing in 2016. After their divorce, they had an intimate relationship that was "[o]n and off," and they sometimes lived together. They have four minor children. At the time of the assault, L.C. and the children lived in Jackson's home on the Omaha Nation Tribal Reservation. On October 30, 2019, L.C. and Jackson were watching tv together in an upstairs bedroom. Jackson became angry that L.C. was "pushing him away." He pulled her off the bed and dragged her on the ground by her arm. He squeezed her neck with both hands and picked her up. She felt like she could not breathe. He then repeatedly punched her in the face, mouth, and back of her head and threatened to rape her. This testimony was sufficient to prove the elements of strangulation and assault.

Jackson challenges L.C.'s credibility, arguing that no reasonable jury could have believed her given the lack of physical evidence. But "the jury has sole responsibility for resolving conflicts or contradictions in testimony" and this court "must resolve credibility issues in favor of the verdict." *United States v. Spears*, 454 F.3d 830, 832 (8th Cir. 2006). *See United States v. Ferguson*, 531 Fed. Appx. 773, 776 (8th Cir. 2013) (rejecting insufficiency argument based on inconsistencies in the victim's testimony and behavior after assault). Defense counsel had the opportunity to challenge L.C.'s credibility at trial and emphasize any inconsistencies. *Id.* The jury found her credible, and her testimony alone was sufficient to convict. *See United States v. Gabe*, 237 F.3d 954, 961 (8th Cir. 2001) ("[A] victim's testimony alone is sufficient to persuade a reasonable jury of the defendant's guilt beyond a reasonable doubt.").

II.

Jackson asserts his within-guidelines sentence is substantively unreasonable. This court reviews for abuse of discretion. *United States v. Borromeo*, 657 F.3d 754, 756 (8th Cir. 2011). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *Id.* at 757. The district court considered the 18 U.S.C. § 3553(a) factors. Among them were Jackson's lengthy criminal history including drug offenses, assaultive behavior (including four prior convictions for assault of the same victim), and tampering with records. The district court did not abuse its discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____