# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2527

_____

United States of America

*Plaintiff - Appellee*

v.

Janine Faye Good Lance

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: May 16, 2025
Filed: July 14, 2025
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

A jury convicted Janine Faye Good Lance of two counts of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112. The district court[1] sentenced her to 60 months in prison on both counts, to run concurrently.

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

I.

Good Lance argues the evidence was insufficient to support her convictions. This court reviews the sufficiency of the evidence de novo, affirming the verdict if "a reasonable juror could have found the defendant guilty of the charged conduct beyond a reasonable doubt." *United States v. St. John*, 716 F.3d 491, 493 (8th Cir. 2013). This court views "the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that supports the jury's verdict." *United States v. Cross*, 888 F.3d 985, 990 (8th Cir. 2018).

To convict for involuntary manslaughter under 18 U.S.C. § 1112, the jury was instructed to find that Good Lance: (1) caused the deaths of Poor Bear and Roubideaux; (2) "did so in the commission of a lawful act which might produce death when done in an unlawful manner or without due caution and circumspection, that is, operating a motor vehicle while under the influence of alcohol;" and (3) "acted grossly negligent in that she acted with a w[a]nton or reckless disregard for human life, knowing that her conduct was a threat to the lives of others or having knowledge of such circumstances as could reasonably have enabled her to foresee the peril which her act might subject others." *See United States v. Brown*, 992 F.3d 665, 670 (8th Cir. 2021) (describing the elements of involuntary manslaughter). Good Lance challenges elements one and three.

Good Lance contends that Roubideaux, not she, caused the vehicle to veer off the road and flip on their 2-hour drive from Rapid City to Pine Ridge. Good Lance testified that Roubideaux was intoxicated, kept turning the radio up against Good Lance's wishes, and was frequently moving around in the front passenger seat. Good Lance claims that Roubideaux jerked the wheel so fast that she could not control the vehicle. But other evidence did not support this testimony. Trooper Long Soldier testified that the yaw marks on the scene ("long and drawn out") were consistent with a car drifting and sliding off the road, not being abruptly jerked. Captain Rascher, Captain of Highway Safety for the Oglala Sioux Tribe who had completed

both intermediate and advanced crash investigation training, testified that the crash scene evidence was not consistent with Good Lance's testimony. He said that there was no evidence of braking and that it was his opinion that "nobody was trying to keep this car on the road." The verdict showed the jury found this testimony more credible than Good Lance's. And a "jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony." *United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010).

Good Lance also believes the evidence failed to show she was grossly negligent. The accident happened less than 5 miles from Pine Ridge. She reasons that if she had been grossly negligent, the accident would have happened earlier in the 2-hour drive when her blood-alcohol level was higher. She also testified that she wore her seatbelt and did not feel sleepy or have any other trouble driving. The evidence showed Good Lance consumed multiple alcoholic drinks at a friend's house within an hour of the drive. At the time of the crash, she was driving over the speed limit at about 72 mph and was over the legal limit for alcohol. Captain Rascher testified that there was no evidence that Good Lance took any corrective action to keep her car on the road. The brakes were never deployed. Again, this court does not "weigh the evidence or the credibility of the witnesses." *United States v. Harlan*, 815 F.3d 1100, 1106 (8th Cir. 2016). The "jury has sole responsibility for resolving conflicts or contradictions in testimony," and this court "must resolve credibility issues in favor of the verdict." *Id.*

II.

Good Lance asserts the district court abused its discretion in imposing her within-guidelines 60 months sentence. This court reviews for abuse of discretion. *Brown*, 992 F.3d at 673. It "will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Imposing its sentence, the court considered the § 3553(a) sentencing factors, including Good Lance's history and need to protect the public (it was her ninth time driving while intoxicated) and the seriousness of the offense (hearing testimony from family members of the deceased). The court discussed Good Lance's education, her completion of drug and alcohol treatment, and her extensive work history. It said:

> I could tell from the letters from Tayah and Lynette and the words we've heard here how important Irene and Rebecca were to the people in their lives. And they'll never be there again, and it's because of a decision that you made. You knew that you'd been drinking, and you got behind the wheel, knowing that you had several hours to drive, while you were intoxicated, to get back home to Pine Ridge. It was a choice that you made. And if it was a one-time occurrence where you were driving while you were intoxicated, I would view it differently. But it's not. You have six tribal arrests for DUI, and you have two state court convictions for DUI. So this would be the ninth time that you were driving while intoxicated. The earlier eight times didn't stop you.

The district court did not abuse its discretion in imposing the within-guidelines sentence.

* * * * * * *

The judgment is affirmed.

_____